2007 OK 50

**SOONER BUILDERS & INVESTMENTS, INC., an Oklahoma corporation, Appellee,**

v.

**NOLAN HATCHER CONSTRUCTION SERVICES, L.L.C., an Oklahoma limited liability company, Appellant.**

No. 103,167.

Supreme Court of Oklahoma.

June 19, 2007.

---

1064

John B. Hayes, Hayes, Margrini & Gatewood, Oklahoma City, OK, for appellant.

John M. Hickey and Joe M. Fears, Barber & Bartz, Tulsa, OK, for appellee.

TAYLOR, J.

¶ 1 The question presented in this appeal is whether the district court erred when it ordered Nolan Hatcher Construction Services, L.L.C., defendant/appellant (Hatcher), to pay prevailing party attorney fees and expenses to Sooner Builders & Investments, Inc., plaintiff/appellee (Sooner), after the arbitrator denied all requests for attorney fees and directed each party to pay one-half of the arbitration expenses. We answer in the negative. We affirm the district court.

## I. The Proceedings Below

¶ 2 In March of 2004, Sooner filed this contract action against Hatcher in the district court in Tulsa County, Oklahoma. The petition alleged that in March of 2003, Sooner, a subcontractor, entered into six separate contracts (subcontracts) with Hatcher, a prime contractor, to perform construction

work at the sites of three Walgreen's Drug Stores in Ponca City, Broken Arrow, and Claremore, Oklahoma; that Sooner performed the construction work for Hatcher; that Hatcher did not fully pay Sooner for the work performed; and that Hatcher owed Sooner more than One Hundred Thousand Dollars for the construction work related to the six subcontracts. The petition also alleged a dispute between Sooner and one of Sooner's subcontractors arising out of Hatcher's failure to timely pay for the work at the Ponca City site. Hatcher appeared specially and moved the district court to refer Sooner's subcontract claims to arbitration. On May 24, 2004, the district court referred Sooner's claims against Hatcher to arbitration and stayed the remainder of the case pending arbitration.

¶ 3 Sooner initiated arbitration proceedings with the Construction Industry Arbitration Tribunal of the American Arbitration Association (AAA). The parties agreed to the appointment of an arbitrator. On August 18, 2004, the arbitrator scheduled the arbitration hearing to commence January 18, 2005. The arbitrator entered an award in favor of Sooner on August 4, 2005.

¶ 4 The arbitrator's award contained findings in the form of a detailed accounting of the outstanding balance due Sooner for work performed under each subcontract, the amount due Sooner for other work related to each subcontract, and the amount Hatcher paid to others for material or work related to each subcontract. The arbitrator's award summarized the accounting, showing $92,876.96 due Sooner and $25,438.11 paid by Hatcher to others, which resulted in a net amount of $67,438.85 due Sooner. It also awarded Sooner $3,866.02 for pre-judgment

interest due on a $46,570.85 excessive offset withheld by Hatcher from January 17, 2004 through June 5, 2005. The arbitrator's award directed Hatcher to pay Sooner a total of $71,304.87. The arbitrator denied all requests for attorney fees and expenses incurred in the course of the arbitration and directed each party to pay one-half of the $2,250.00 fees Sooner paid to the AAA and the $12,157.20 compensation for the arbitrator.

¶ 5 On August 9, 2005, Sooner filed a motion to modify the award, requesting the arbitrator to award prevailing party attorney fees. Sooner argued it is entitled to prevailing party attorney fees under section 14.4 of the subcontracts and under Oklahoma law, citing 12 O.S.Supp.2002, § 936. Hatcher, in response, argued that the arbitrator may not, under the AAA arbitration rules, modify the award except to correct clerical, typographical, technical, or computational error or change the ruling on the merits or the results of the award. On September 15, 2005, the arbitrator denied Sooner's motion to modify.[1]

¶ 6 While the motion to modify was pending before the arbitrator, on August 29, 2005, Sooner filed in the district court a motion to modify the arbitrator's award and to confirm the award as modified. Sooner contended that the arbitrator manifestly disregarded the clear mandate in the subcontract and in Oklahoma law requiring prevailing party attorney fees. Hatcher responded that the district court has no authority to modify an arbitration award to allow prevailing party attorney fees under federal or state arbitration law. The district court entered two separate orders. One order deals with the legal basis for the district court to modify the

---

1. The following is the arbitrator's ruling on Sooner's motion to modify:

   The award of attorney fees is governed by a provision in the numerous subcontracts under which disputes arose between Sooner Builders & Investments, Inc. (SBI) and Nolan Hatcher Construction Services, LLC. (Nolan Hatcher). With respect to the award of attorney fees, each subcontract contained the following provision:

   ATTORNEY FEES. Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising under this Agreement, or to collect damages for the breach of the Agreement or to recover on a surety bond given by a party under this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses expended or incurred therein.

   Pursuant to the award, SBI prevails on some of its claims, and Nolan Hatcher prevails on some of its claims. There is fault on both sides. Therefore, the Claimant's Motion to Modify Award is DENIED.

arbitrator's award. It found "that the arbitrator manifestly disregarded the law" and granted Sooner's motion for "[a]ttorney fees, costs, charges, expenses and expenditures incurred by plaintiff." At the conclusion of the December 21, 2005 evidentiary hearing, the judge explained his finding that the arbitrator "had manifestly disregarded the law with respect to—to ignoring the contract provisions concerning attorney's fees, costs, charges, expenses, and so forth." The other order deals with the amount of Sooner's attorney fees and expenses to be paid or reimbursed by Hatcher. It awarded Sooner $30,633.25 for attorney fees and $13,353.23 for expenses. Both orders were filed on February 28, 2005.

¶ 7 Hatcher timely commenced this appeal from the two orders. The petition specified numerous issues to be raised on appeal, including: 1) whether prevailing party attorney fees are governed by the subcontracts or the applicable statute; 2) whether the arbitrator manifestly disregarded the governing contractual and statutory provisions; 3) whether there is any statutory grounds to partially vacate and modify the arbitrator's award in this case; and 4) whether the evidence in this case supports the amount of attorney fees and expenses ordered by the district court. Hatcher asked this Court to retain the appeal, urging that parties to arbitration agreements, their attorneys and the trial courts need guidance as to the grounds established by statute and decisional law upon which the district court may modify the attorney fee ruling in an arbitration award. We retained the appeal.

## II. Standard of Review

¶ 8 The primary issues in this appeal concern the legal underpinnings of the district court orders which effectively vacated the arbitrator's denial of Sooner's post-award motion to modify and modified the arbitrator's award on prevailing party attorney fees and expenses. Whether the district court had authority to vacate the rulings on attorney fees and expenses in the arbitrator's award and modify the award to grant prevailing party attorney fees and expenses is a question of law. A question of law is re-

viewed *de novo*. *Gladstone v. Bartlesville Indep. Sch. Dist. No. 30,* 2003 OK 30, ¶ 5, 66 P.3d 442, 445. Our *de novo* review is plenary, independent and non-deferential. *Id.* The amount of attorney fees and expenses to be allowed is ordinarily left to the sound discretion of the trial court, and whether the evidence supports the amounts set by the trial court is reviewed for abuse of discretion. *Hamilton v. Telex Corp.,* 1981 OK 22, ¶ 27, 625 P.2d 106, 110.

## III. Arguments of the Parties

¶ 9 Hatcher contends the district court had no statutory authority to partially vacate or modify the arbitration award. Hatcher asserts that the district court erred when it failed to recognize its very narrow role in reviewing an arbitration award and when it proceeded to correct a mere legal error by the arbitrator. Hatcher argues that the federal doctrine of "manifest disregard of the law" for vacating an arbitration award is not available in this case because Sooner failed to demonstrate that the "arbitrator accurately recited the law, acknowledged that a decision contrary to the law was being rendered, and said that the law was not being followed." Hatcher also argues that to satisfy the judicially-crafted two-prong test for "manifest disregard of the law" there must be a showing that: 1) the disregarded law is well-defined, explicit and clear, and 2) the arbitrator was aware of the law and decided to disregard the law. Recognizing that Sooner relied on both the attorney fee provision in the subcontracts and on the prevailing party attorney fee statute, Hatcher asserts that the arbitrator did not rely on the statute but interpreted the contract provision and that the arbitrator's interpretation of the contract is not subject to judicial review. Hatcher also urges that the district court failed to follow the AAA rules in determining the amount of attorney fees and expenses it awarded to Sooner.

¶ 10 Sooner contends that an arbitrator's "manifest disregard" of governing law may be corrected by judicial review in a case such as this where both the contract and the statute expressly state that the prevailing party shall be entitled to recover attorney

fees. Sooner asserts that it was the prevailing party, having received an affirmative award, and contrary to both the contract and the statute, the arbitrator steadfastly refused to award it prevailing party attorney fees. Sooner argues that the contract provisions control over any inconsistent AAA rules.

## IV. Prevailing Party Attorney Fees and Expenses

¶ 11 The six subcontracts are not in the appellate record. However, the record does include portions from one of the subcontracts which provide for arbitration, choice of law, and attorney fees and expenses, and the parties do not dispute that identical provisions are included in each of the six subcontracts.

██ ¶ 12 The parties' arbitration agreement is set out in section 13.1, and it's application is not in dispute in this case.[2] The parties' choice of law agreement is set out in section 14.2, which reads, "This Agreement shall be governed by the law of the state of Oklahoma." This section applies to the entire agreement, and nothing in the arbitration agreement provides otherwise. Although Hatcher argues that the subcontracts involved interstate commerce and that the federal arbitration statutes, 9 U.S.C. §§ 1, *et seq.*, preempt any conflicting state law, the legal effect of section 14.2 is that arbitration in this case is governed by Oklahoma law even if there is a conflict with the federal arbitration statutes. *See Volt Info. Sci., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)(explaining that enforcing arbitration under state law in accordance with the parties agreement gives effect to the contractual rights and expectations of the parties without doing violence to conflicting federal arbitration law).

██ ¶ 13 Enforcement of voluntary arbitration agreements is firmly entrenched in Oklahoma law. *Voss v. City of Oklahoma City,* 1980 OK 148, ¶ 4, 618 P.2d 925, 927; *City of Muskogee v. Martin,* 1990 OK 70, ¶ 8, 796 P.2d 337, 340. Arbitration is enforced according to the terms of the parties' agreement. *Voss* ¶ 5, 618 P.2d at 927–928. Where there is a valid arbitration agreement, the courts will submit the dispute to arbitration; and where the arbitrator's award is within the submission and the authority established by the arbitration agreement, the courts will enforce the award. *Id.* ¶ 6, 618 P.2d at 928.

██ ¶ 14 The parties' agreement in this case provided for prevailing party attorney fees and other expenses of litigation or arbitration. The arbitrator determined that "attorney fees is governed by the subcontracts," quoting section 14.4 of the subcontracts.[3]

¶ 15 Hatcher takes the position that the attorney fee-shifting provision in the subcontracts is subject to more than one interpretation. Hatcher argues that the meaning of prevailing party attorney fees is rendered ambiguous because the arbitrator considered claims under all six subcontracts. This argument is not convincing. The arbitrator did not expressly find the attorney fee provision to be ambiguous and in need of interpretation. We find the attorney fee provision in the subcontracts to be clear and unambiguous.

██ ¶ 16 The first and last parenthetical phrases in section 14.4 are the pertinent provisions: "Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof ... the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses expended or incurred therein." The plain and ordinary meaning[4]

---

2. Article 13, entitled *Arbitration,* at Section 13.1, reads:

    AGREEMENT TO ARBITRATE. All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in 13.7, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association

    then in effect unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration laws.

3. The text of section 14.4 is set out in the arbitrator's ruling in note 1, supra.

4. Contract language is read in its plain and ordinary meaning unless a technical meaning is conveyed. *Pitco Production Co. v. Chaparral Energy, Inc.*, 2003 OK 5, ¶ 14, 63 P.3d 541, 545–546.

of the language in these phrases is not susceptible to more than one meaning, rather it is clear on its face. The first phrase, **"Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof,"** plainly extends the attorney fee provision to a party's claim to enforce the contract whether filed in a court of law or before an arbitration tribunal. The last phrase, **"the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses expended or incurred therein,"** clearly gives the prevailing party a contract right to recover reasonable attorney fees and expenses.

¶ 17 The meaning of this last phrase is more evident when one considers the meaning of its parts. **"Prevailing party,"** as a non-legal term, ordinarily means the stronger party or the victorious party.[5] Coinciding with its ordinary meaning, **"prevailing party,"** as a legal term of art, means the successful party who has been awarded some relief on the merits of his or her claim.[6] The language **"shall be entitled to recover"** is a clear statement of a right of the prevailing party, with the mandatory **"shall"**[7] creating an unequivocal right that leaves no discretion with the court or the arbitrator to deny it. The language **"reasonable attor-**

ney's fees, costs, charges and expenses" places the amount of money which the prevailing party has a right to recover within the discretion of the court or the arbitrator, leaving the court or the arbitrator to decide what are reasonable amounts for attorney fees and expenses expended or incurred by the prevailing party.

¶ 18 In mandatory language similar to that used in the involved subcontracts, Oklahoma statutory law, 12 O.S.Supp.2002, § 936, gives the prevailing party in a civil action a right to recover attorney fees. The statute provides that "the prevailing party shall be allowed a reasonable attorney fee to be set by the court."[8] Section 936 applies to a party who is successful on a contract claim as specified therein even when another party is successful on another claim and entitled to attorney fees under a different statute. *Welling v. American Roofing & Sheet Metal Co., Inc.*, 1980 OK 131, 617 P.2d 206; *Midwest Livestock Systems v. Lashley*, 1998 OK 68, 967 P.2d 1197.[9] It also applies to a party who is successful on a contract claim as specified therein where the damages to be recovered are used to offset the damages on another claim. *Tomahawk Resources, Inc. v. Craven*, 2005 OK 82, 130 P.3d 222. The statute's purpose is to make whole the con-

---

5. An ordinary term, "prevailing" is an adjective derived from the verb "to prevail" which means to gain victory by virtue of strength or superiority; to triumph; to be victorious; to urge successfully; or to triumph. *Webster's Third New International Dictionary* (2002) p. 1797.

6. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001). " 'Prevailing party' is not some newfangled legal term invented for use in late–20th–century fee-shifting statutes." *Id.*, 532 U.S. at 611, 121 S.Ct. at 1843 (concurring opinion by Justice Scalia).

7. Generally, the word "shall" expresses a command or a mandatory directive; "shall" is the equivalent of "must." *Macy v. Freeman*, 1991 OK 59, ¶ 8, 814 P.2d 147, 153; *Forest Oil v. Okla. Corporation Comm'n*, 1990 OK 58, ¶ 27, 807 P.2d 774, 787.

8. 12 O.S.2001, § 936, as amended by 2002 Okla. Sess.Laws, ch. 468, § 5, reads:
In any civil action to recover for labor or services rendered, or on open account, a state-

ment of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

9. In *Welling v. American Roofing & Sheet Metal Co., Inc.*, this Court ruled that both parties were entitled to statutory prevailing party attorney fees. Wellington had successfully defended against a mechanic's lien foreclosure for which prevailing party attorney fees are authorized in 42 O.S.1971, § 176 and the roofing company had recovered damages under the theory of unjust enrichment on its claim for labor and services, a ground specified in 12 O.S.1971, § 936. In *Midwest Livestock Systems v. Lashley*, this Court held each party was entitled to statutory prevailing party attorney fees under 42 O.S.1991, § 176 or 12 O.S.1991, § 936 because Midwest prevailed on foreclosure of a mechanic's lien and Lashley prevailed on a breach of contract claim.

tracting party who must resort to litigation to vindicate a contract right. *B & P Construction Co. v. Wells,* 1988 OK 17, ¶ 6, 759 P.2d 208, 209. But, the statute allows the parties to contract away the right to prevailing party attorney fees with the clause "unless otherwise provided by law or the contract which is the subject of the action."

¶ 19 The parties in this case did not contract away the right to prevailing party attorney fees, instead they extended it to arbitration proceedings. We conclude that section 14.4 in the subcontracts controls the contracting parties' right to recover prevailing party attorney fees, and as provided by the contract, its meaning and application are governed by Oklahoma law. Section 14.4 gives the same right to prevailing party attorney fees to the contracting parties in a civil action as they would have under § 936 of title 12. Additionally, section 14.4's plain and ordinary language shifted the prevailing party's attorney fees and expenses in arbitration onto the losing party. Under section 14.4, the arbitrator has no discretion to deny the prevailing party's right to recover attorney fees and expenses. Rather, section 14.4 unequivocally requires the arbitrator to award reasonable attorney fees and expenses when requested by the prevailing party.

¶ 20 The arbitrator awarded Sooner $71,304.87 on the merits of its claim against Hatcher but denied Sooner's request for prevailing party attorney fees. On Sooner's motion to modify, the arbitrator had before him both the prevailing party attorney fees contract provision and the prevailing party attorney fee statute. The arbitrator found that the "award of attorney fees is governed by a provision in the numerous subcontracts" and that Sooner "prevails on some of its claims, and Nolan Hatcher prevails on some of its claims" and denied Sooner's request for prevailing party attorney fees. This ruling manifests an intent to ignore the clear and unambiguous prevailing party attorney fee provision in the parties' agreement.

¶ 21 In its reply brief, Hatcher surmises that the arbitrator decided "that both parties had prevailed on various subcontract actions, and that each would be entitled to recover the same amount of attorney fees; and instead of awarding fees to both the arbitrator mentally offset the amounts by declining to award fees to either." That position is nothing more than a guess. At the end of the arbitrator's detailed accounting of the merits of the controversy, Sooner was the winner, and with the arbitrator's award of prejudgment interest against Hatcher, Sooner was the winner. As the proctor of the parties' agreement, the arbitrator's function was to effectuate the parties' arbitration agreement. Here, the arbitrator manifestly disregarded the parties' agreement.

## V. The Oklahoma Uniform Arbitration Act

¶ 22 We now turn to whether the district court had authority to vacate the arbitrator's refusal to award prevailing party attorney fees under the subcontracts. As already determined, the subcontracts are governed by Oklahoma law. In 2005, Oklahoma adopted a modified version of the Uniform Arbitration Act of 2000. 12 O.S.Supp. 2005, §§ 1851–1881. It may be cited as the Uniform Arbitration Act, 12 O.S.Supp. § 1851, referred to herein as the OUAA. Although the subcontracts were entered into and Sooner's contract claim arose before the OUAA became effective on January 1, 2006, the newly enacted OUAA is applicable in this case for two reasons. First, the Legislature expressly provided that the 2005 OUAA applied to arbitration agreements made prior to its enactment.[10] Second, arbitration is a form of procedure, *Wilson v. Gregg,* 1952 OK 464, 208 Okla. 291, 255 P.2d 517; *City of Muskogee v. Martin,* 1990 OK 70, 796 P.2d 337, and procedural law is presumed to be applicable to pending cases absent an express legislative intent to the contrary. *Thomas v. Cumberland Operating Co.,* 1977 OK 164, ¶ 4, 569 P.2d 974, 976; *Cole v.*

---

10. 2005 Okla.Sess.Laws ch. 364, codified at 12 O.S.Supp.2005, §§ 1851–1881, effective January 1, 2006, except § 1854 with an emergency effective date of June 6, 2005. Section 1854 provides for the transition from the former arbitration statutes to the newly enacted OUAA from June 6, 2005 until January 1, 2006. At subsection (C), § 1854 states: "Beginning January 1, 2006, the Uniform Arbitration Act governs an agreement to arbitrate whenever made."

*Silverado Foods, Inc.,* 2003 OK 81, ¶ 8, 78 P.3d 542, 546.

¶ 23 The OUAA authorizes the district courts to vacate or modify an arbitrator's award on specific grounds. 12 O.S.Supp. 2005, § 1874.[11] The district court may vacate an arbitrator's award if the district court finds: 1) there was no arbitration agreement, 2) the award was procured by corruption, fraud, or other undue means, 3) there was evident partiality, corruption, or prejudicial misconduct by the arbitrator, 4) the arbitrator exceeded the arbitration power, or 5) notice of the arbitration was inadequate. 12 O.S.Supp.2005, § 1874(A). Where there is an agreement to arbitrate and the district court vacates an award on any of the other enumerated grounds, the district court has the discretion to order a rehearing before an arbitrator, 12 O.S.Supp.2005, § 1874(C), or to modify the award. 12 O.S.Supp.2005, § 1876.[12]

¶ 24 The parties' agreement is the source of the arbitrator's power. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974). The parties' agreement may give the arbitrator broad power, and it may confine and limit the arbitrator's power. The arbitrator serves as the proctor of the parties' agreement and has the obligation to effectuate the intent of the parties' agreement. *Id.* When the arbitrator's award manifests an infidelity to the parties' agreement, the courts must refuse to enforce the award. *Id.*

¶ 25 Here, the parties' agreement mandates the arbitrator to award attorney fees and expenses to the prevailing party. It leaves no discretion to the arbitrator to deny attorney fees to the prevailing party. In ruling on Sooner's motion to modify, the arbitrator ignored the parties' agreement and fashioned his own rule that no prevailing

---

11. 12 O.S.Supp.2005, § 1874 reads:
A. Upon an application and motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
1. The award was procured by corruption, fraud, or other undue means;
2. There was:
a. evident partiality by an arbitrator appointed as a neutral arbitrator,
b. corruption by an arbitrator, or
c. misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
3. An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to Section 6 of this act [§ 1856], so as to prejudice substantially the rights of a party to the arbitration proceeding;
4. An arbitrator exceeded the arbitrator's powers;
5. There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under subsection C of Section 16 of this act [§ 1866(C)] not later than the beginning of the arbitration hearing; or
6. The arbitration was conducted without proper notice of the initiation of an arbitration as required in Section 10 of this act [§ 1860] so as to prejudice substantially the rights of a party to the arbitration proceeding.
B. An application on motion under this section must be filed within ninety (90) days after the movant receives notice of the award pursuant to Section 20 of this act [§ 1870] or within ninety (90) days after the movant receives notice of a modified or corrected award pursuant to Section 21 of this act [§ 1871], unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within ninety (90) days after the ground is known or by the exercise of reasonable care would have been known by the movant.
C. If the court vacates an award on a ground other than that set forth in paragraph 5 of subsection A of this section, it may order a rehearing. If the award is vacated on a ground stated in paragraph 1 or 2 of subsection A of this section, the rehearing must be before a new arbitrator. If the award is vacated on a ground stated in paragraph 3, 4 or 6 of subsection A of this section, the rehearing may be before the arbitrator who made the award or the arbitrator's successor. The arbitrator must render the decision in the rehearing within the same time as that provided in subsection B of Section 20 of this act [§ 1870(B)] for an award.
D. If the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending.

12. 12 O.S.Supp.2005, § 1876(A) reads: "Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action."

party attorney fees will be awarded if any fault is attributable to each of the parties. The arbitrator's ruling is contrary to the parties agreement, it exceeds the arbitrator's power, and the award may be properly vacated under § 1874(A)(4).

¶ 26 We are mindful that the arbitration statutes, like arbitration agreements, are viewed as a shortcut to substantial justice with minimum court interference, *Garner v. City of Tulsa*, 1982 OK 104, ¶ 21, 651 P.2d 1325, 1328, and that a fundamental purpose of arbitration is to preclude court intervention into the merits of disputes which the parties have agreed to submit to arbitration. *Voss v. City of Oklahoma City*, 1980 OK 148, ¶ 5, 618 P.2d 925, 927–928. A court will, however, intervene when it is evident that the arbitrator has ignored the parties' agreement. In vacating the arbitrator's award, the district court found the arbitrator manifestly disregarded the law by ignoring the parties' agreement on attorney's fees, costs, charges and expenses of arbitration.

## VI. Manifest Disregard of the Law

¶ 27 The parties devote substantial argument to the novel issue of whether we should recognize the "manifest disregard of the law" basis for vacating an arbitration award. It is a federal-court doctrine established as a grounds for vacatur of an arbitration award under the Federal Arbitration Act. It is the seminal non-statutory ground for vacatur of commercial arbitration awards in the federal courts.[13] Several states have recognized the "manifest disregard of the law" basis for vacatur of an arbitrator's award,[14] while other states have rejected it.[15]

¶ 28 We need not adopt or reject the non-statutory "manifest disregard of the law" basis for vacating the arbitrator's denial of prevailing party attorney fees and expenses because there is a statutory basis. The arbitrator, in this case, exceeded his authority when he ignored the prevailing party attorney fee and expense provision in the parties' agreement. 12 O.S.Supp.2005, § 1874(A)(4). The Idaho Supreme Court's reasoning in passing over the non-statutory "manifest disregard of the law" basis for vacatur of an arbitrator's attorney fee award that ignored the parties' agreement, is appropriate here:

An arbitrator's powers stem from the parties' agreement. Matters submitted for arbitration are relevant to determining the scope of an arbitrator's power and must be considered along with the original agreement. Absent express limitation by the parties, the arbitrator's authority is very broad. Section 10.9(b) of the Asset Purchase Agreement required that the parties bear their own costs and fees of arbitration, including *specifically* attorney fees. The panel's award of attorney fees on the Earnings Holdback claim contravened this express language and was therefore beyond the scope of the arbitrator's authority.

*City of Madison v. Madison Professional Police Officers Assoc.*, 144 Wis.2d 576, 425 N.W.2d 8 (1988); *Batten v. Howell*, 300 S.C. 545, 389 S.E.2d 170, 172 (S.C.Ct.App.1990); and *Jaffa v. Shacket*, 114 Mich.App. 626, 319 N.W.2d 604, 607 (1982).

**13.** In discussing the "manifest disregard of the law" ground for vacatur of an arbitration award, the committee comments to the Uniform Arbitration Act of 2000 as drafted by the National Conference of Commissioners on Uniform State Laws observe that neither the federal nor any state arbitration act specifies "manifest disregard of the law" as a statutory ground for vacatur but most federal circuit courts of appeals embrace the doctrine.

**14.** Decisional law recognizing the "manifest disregard of the law" principle include *Carroll v. Ferro*, 633 S.E.2d 708, 711 (N.C.App.2006); *Garver v. Ferguson*, 76 Ill.2d 1, 10–11, 27 Ill.Dec. 773, 389 N.E.2d 1181, 1184 (1979); *Bohlmann v. Byron John Printz and Ash, Inc.*, 120 Nev. 543, 96 P.3d 1155 (2004); *Liberty Mutual Insur. Co. v. Open MRI of Morris & Essex, L.P.*, 356 N.J.Super. 567, 813 A.2d 621 (2002); *Pier House Inn, Inc. v. 421 Corp., Inc.*, 812 A.2d 799 (R.I.2002);

**15.** Decisional law rejecting the "manifest disregard of the law" principle include *SIGNAL Corp. v. Keane Federal Systems*, 265 Va. 38, 574 S.E.2d 253, 257 (2003); *Crowell v. Downey Community Hosp. Foundation*, 95 Cal.App.4th 730, 115 Cal. Rptr.2d 810 (2002); *Coors Brewing Co. v. Cabo*, 114 P.3d 60 (Colo.Ct.App.2005); *Action Box Co., Inc. v. Panel Prints, Inc.*, 130 S.W.3d 249 (Tex.Ct. App.2004). See Elizabeth D. Lauzon, "Adoption of Manifest Disregard of Law Standard as Non-statutory Ground to Review Arbitration Awards Governed by Uniform Arbitration Act (UAA)," 14 A.L.R.6th 491 (2006), for additional citations of cases.

*Moore v. Omnicare, Inc.,* 141 Idaho 809, 118 P.3d 141, 148 (2005) (citations omitted).

## VII. The Amount of Attorney Fees and Expenses

■ ¶ 29 Hatcher argues that the amount of attorney fees and expenses awarded to Sooner is not supported by the evidence before the district court. An evidentiary hearing was had on December 21, 2005. Sooner presented a detailed account of the hours and expenses involved in its legal representation. Sooner called an expert witness, an attorney that primarily practices in the area of construction law. The expert witness testified regarding the reasonableness of the attorney time expended, the rates charged, and the expenses.[16] At the conclusion of the hearing, the district court announced his ruling that Sooner is entitled to recover the attorney fees, costs and expenses beginning with its demand for arbitration on May 19, 2004, in a total amount of $30,783.26. There is sufficient evidence to support the amount of attorney fees and expenses and arbitration fees and expenses allowed by the district court. The district court did not abuse its discretion.

## VIII. Conclusion

¶ 30 We conclude prevailing party attorney fees are governed by the subcontracts in this case and the applicable Oklahoma law and the arbitrator clearly ignored the parties' agreement requiring prevailing party attorney fees and expenses. In refusing to make an award of prevailing party attorney fees and expenses, the arbitrator exceeded his power, and pursuant to 12 O.S.Supp.2005, § 1874, the district court had authority to vacate the arbitrator's denial of prevailing party attorney fees and to modify the award. The amounts of the attorney fees and expenses allowed by the district court are supported by the evidence. The district court did not err when it vacated the arbitrator's award in part and ordered Hatcher to pay prevailing party attorney fees and expenses and arbitration fees and expenses.

**DISTRICT COURT AFFIRMED.**

ALL JUSTICES CONCUR.

16. The parties' agreement is that the "prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses expended or incurred therein." We assume the parties are referring to the contract terms "attorney's fees, costs, charges and expenses" in their arguments for or against an award of "attorney fees and costs."