FILED
United States Court of Appeals
Tenth Circuit

May 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MID-CONTINENT CASUALTY
COMPANY, an Oklahoma corporation,

      Plaintiff-Appellee,

v.

GENERAL REINSURANCE
CORPORATION, a Delaware
corporation,

      Defendant-Appellant.

_____

REINSURANCE ASSOCIATION OF
AMERICA,

      Amicus Curiae.

No. 07-5050
(D.C. No. 06-CV-475-EA)
(N. Dist. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **SEYMOUR**, and **BALDOCK**, Circuit Judges.

---

Mid-Continent Casualty Company ("Mid-Continent") entered into two

contracts for reinsurance with General Reinsurance Corporation ("GenRe"). After

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH
CIR. R. 32.1.

a dispute arose between the parties, Mid-Continent filed suit against GenRe in federal court. GenRe moved to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. The district court denied the motion, finding (1) Oklahoma law controlled because the FAA was reverse preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1012,[1] and (2) the arbitration clauses were unenforceable under Oklahoma law. GenRe appeals.

GenRe and Mid-Continent executed two reinsurance contracts (collectively, the Reinsurance Agreements), the first in 1992 and the second in 2000.[2] Both contracts contained arbitration clauses. On September 12, 2006, Mid-Continent brought suit against GenRe, alleging GenRe breached the Reinsurance Agreements by failing to indemnify Mid-Continent for expenses incurred in the settling of various claims. GenRe moved to compel arbitration and Mid-Continent objected, arguing that Oklahoma law prohibited arbitration of reinsurance contract disputes.

At the time the Reinsurance Agreements were formed, the Oklahoma Uniform Arbitration Act ("OUAA") applied to arbitration clauses in reinsurance contracts, rendering them presumptively valid and enforceable. The

---

[1] The McCarran-Ferguson Act saves state statutes relating to "the business of insurance" from preemption by federal law, providing instead that state law governs. 15 U.S.C. § 1012 (b).

[2] Agreement Number B404 was executed on January 23, 1992, and Agreement Number 8793 was executed on November 10, 2000.

OUAA–which made arbitration agreements "valid, enforceable and irrevocable"–excluded "contracts which reference insurance," but excepted "contracts between insurance companies" (*i.e.*, reinsurance contracts) from that exclusion.[3] Okla. Stat. tit. 15, § 802(A) (1978) (repealed 2005) ("Original Act"). In Oklahoma, arbitration clauses are invalid unless expressly authorized by statute. *See Rollings v. Thermodyne Indus.*, 910 P.2d 1030, 1036 (Okla. 1996).

In 2005, before this suit was filed, the Oklahoma Legislature enacted a revised version of the OUAA and repealed the previous act. Okla. Stat. tit. 12 ch. 38B ("Revised Act").[4] Pertinently, the Revised Act no longer excepted reinsurance contracts from the Act's exclusion of contracts that reference insurance. *Id.* at § 1855(D) (2005) (amended 2008). Also relevant to this appeal is the Revised Act's retroactivity provision: "Beginning January 1, 2006, the Uniform Arbitration Act governs an agreement to arbitrate whenever made." *Id.*

---

[3] In full, section 802(A) provided,

This act shall apply to a written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties. Such agreements are valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract. This act shall not apply to collective bargaining agreements or contracts with reference to insurance except for those contracts between insurance companies.

Okla. Stat. tit. 15, § 802(A).

[4] Because both the 1978 Act and the 2005 Act were entitled "Uniform Arbitration Act," we refer to the 1978 Act as the "Original Act" and the 2005 Act as the "Revised Act."

at § 1854(C).

In May 2008, after oral argument in this case, the legislature amended section 1855(D), reinserting the provision excepting reinsurance contracts from the Act's exclusion of insurance contracts. Thus, section 1855(D) currently reads, "The [OUAA] shall not apply to collective bargaining agreements and contracts of insurance, *except for those contracts between insurance companies*." Okla. Stat. tit. 12, § 1855(D) (emphasis added). In short, the Amendment makes the OUAA applicable to contracts between insurance companies–rendering arbitration clauses presumptively valid and enforceable–as it was prior to the adoption of the Revised Act in 2005. The Amendment went into effect on November 1, 2008.

In the first round of briefing, GenRe contended that the Original Act governs, permitting arbitration in reinsurance contracts. GenRe raised three additional arguments in the alternative: (1) the Revised Act violates the Contracts Clause because it substantially impairs the obligations of reinsurance contracts; (2) the Revised Act does not prohibit arbitration clauses in reinsurance contracts but instead defers to common law; and (3) Oklahoma public policy favors arbitration and therefore cannot serve as a basis for reverse preemption under the McCarran-Ferguson Act.

In its supplementary briefing filed after the enactment of the 2008 Amendment, GenRe concedes that the Revised Act applies to "pre-existing

agreements" and contends that the Amendment governs contracts as of its effective date. It re-asserts its other arguments, pointing to the Amendment's passage as further proof that state public policy favors arbitration provisions in reinsurance contracts.

We review the denial of a motion to compel arbitration *de novo*. *See Ansari v. Qwest Commc'ns, Corp.*, 414 F.3d 1214, 1218 (10th Cir. 2005). As an initial matter, we note that resolution of this appeal is complicated by the 2008 Amendment, which changed the applicable law after the district court issued its decision. The question presented is thus whether the Revised Act as amended makes effective the arbitration clauses contained in the Reinsurance Agreements. We must first determine whether the Amendment to the Revised Act applies to the Reinsurance Agreements, and, if so, whether the statute as amended expressly authorizes arbitration agreements in reinsurance contracts. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1086 n.5 (10th Cir. 2007) ("[A]n appellate court must apply the law in effect at the time it renders its decision.").

The 2008 Amendment was approved May 2, 2008, and contained an effective date of November 1, 2008. The bill did not specify whether the Amendment would apply retroactively to contracts executed before November 1, 2008, and the parties did not address this issue in their supplementary briefing.[5]

---

[5] While GenRe did note that the Amendment would govern the Reinsurance Agreements once it became effective, it did not provide any analysis

-5-

However, because the new law merely amended one provision of the Act, we look to the Revised Act itself to determine whether it is retroactive as amended.

This question is easily resolved, as the Revised Act is clearly retroactive, both by its express terms and as interpreted by the Oklahoma Supreme Court. Section 1854(C) of the Revised Act makes it applicable to "agreement[s] to arbitrate whenever made," Okla. Stat. tit. 12, § 1854(C), and the Oklahoma Supreme Court has held that it applies retroactively to agreements made prior to its effective date. *Sooner Builders & Invs., Inc. v. Nolan Hatcher Const. Servs., L.L.C.*, 164 P.3d 1063, 1070 (Okla. 2007). We therefore conclude that the 2008 Amendment is governed by the Revised Act's retroactivity provision and applies to the contracts at issue here.

A counter-holding–*i.e.*, the Revised Act is retroactively applicable but the 2008 Amendment is not–would be at odds with legislative intent. It would also conflict with the presumption under Oklahoma law that procedural laws are immediately effective.[6] *See id.* ("[A]rbitration is a form of procedure, and

_____

or support for that proposition.

[6] This rule functions as an exception to the general rule that laws are presumptively prospective. *See Thomas v. Cumberland Operating Co.*, 569 P.2d 974, 976 (Okla. 1977) ("As a general rule statutes are construed to operate prospectively, unless the legislature clearly expresses an intent that it operate retrospectively. However, legislation which is general in its terms and affects only procedural matters is presumed to have been intended to be applicable to all actions, whether pending or not, absent any expressed intention to the contrary.").

procedural law is presumed to be applicable to pending cases absent an express legislative intent to the contrary."). In sum, *Sooner Builders* placed the Revised Act in the category of procedural statutes presumed to be applicable to pending cases, and we can see no reason why the 2008 Amendment should be treated any differently.

Having determined that the Amendment applies retroactively to contracts executed before its effective date, the only remaining question is whether the Amendment renders the arbitration clauses in the Reinsurance Agreements valid and enforceable. In the supplemental briefing filed following the Amendment's enactment, neither party addressed what effect the 2008 Amendment would have if we were to decide the case after its effective date of November 1, 2008. Resolution of this question is straightforward, however.

Under Oklahoma law, "agreements to submit future controversies to arbitration are contrary to public policy" and therefore unenforceable. *Cannon v. Lane*, 867 P.2d 1235, 1238 (Okla. 1994) (holding arbitration clause unenforceable where contract was expressly excluded from the OUAA's reach). But "the common law rule prohibiting arbitration does not apply when there is specific legislative approval." *Rollings*, 910 P.2d at 1036 (Okla. 1996) (holding voluntary arbitration provision enforceable). Section 1857 of the Revised Act provides:

> An agreement contained in a record to submit to arbitration any existing *or subsequent* controversy arising between the parties to the agreement is *valid, enforceable, and irrevocable* except upon a

ground that exists at law or in equity for the revocation of a contract.

Okla. Stat. tit. 12, § 1857(A) (emphasis added). As the Oklahoma Supreme Court

concluded in *Rollings*, this provision constitutes express legislative approval of

arbitration clauses. 910 P.2d at 1033.[7] The 2008 Amendment, which restored the

language of the Original Act permitting arbitration in reinsurance contract

disputes, brings reinsurance contracts within the scope of the Revised Act. Okla.

Stat. tit. 12, § 1855(D). We therefore hold that the Revised Act as amended

renders the Reinsurance Agreements valid and enforceable.

The case is **REVERSED** and **REMANDED** for proceedings consistent with

this opinion.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[7] *Rollings* was analyzing the parallel provision of the Original Act, Okla. Stat. tit. 15, § 802(A), which contained substantively similar language. *See* 910 P.2d at 1033 n.3.