Wyrick, J.:
 

 ¶1 This Court has said before that "without some judgment or judicial decree that has changed the relationship between the parties so that defendant is judicially required to do something, i.e., some enforceable judgment, plaintiffs cannot be said to be the successful or prevailing parties entitled to an award of attorney fees."
 
 [1]
 
 Moreover, we have said that, on a claim in which damages are a necessary element, a plaintiff cannot be said to have
 
 prevailed
 
 on that claim unless he or she has been awarded some modicum of monetary relief.
 
 [2]
 

 ¶2 In this case, Plaintiff TAB sued Defendant Sean Calnan to collect payment on some outstanding medical bills. TAB brought two theories of recovery in its petition, both of which assert that Calnan was provided medical services for which he had not yet fully paid, and both of which prayed that Calnan be ordered to pay the remaining balance for those services-$626.15.
 
 [3]
 
 Accordingly, both of TAB's claims were premised on the existence of monetary harm.
 

 ¶3 But shortly after Calnan was served a copy of that petition, Calnan paid his debt in full.
 
 [4]
 
 Accordingly, when TAB later moved for summary judgment on its claims, there was nothing left for the Court to do-no "judgment" or "judicial decree" was necessary to make the Defendant pay the money; Mr. Calnan had already done that. Indeed, the only order that "has changed the relationship between the parties so that defendant is judicially required to do something" is the district court's order telling Calnan to pay for TAB's attorney fees, citing 12 O.S. § 936 for support.
 
 [5]
 

 ¶4 While TAB's claims in this case may very well be fee-bearing under section 936, TAB cannot be labeled the "prevailing party." To qualify as such, the statute requires TAB to have prevailed on those fee-bearing
 
 *1052
 
 claims, meaning that TAB must first have obtained a judgment in its favor on those claims before it could be eligible for an attorney-fee award.
 
 [6]
 
 And just as we said before, because TAB's claims rely on the existence of monetary harm, the fact that Calnan has already remedied that harm means that TAB cannot possibly prevail on those claims. Indeed, because TAB continued to press its claims past the point at which they had been paid, it is Calnan who is entitled to judgment as a matter of law.
 
 [7]
 

 ¶5 Summary judgment is not warranted, however, on Calnan's counterclaim for violation of the Fair Debt Collection Practices Act.
 
 [8]
 
 We agree with Calnan that factual issues exist that preclude the entry of judgment at this time.
 

 ¶6 Based on the foregoing, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.
 

 Kauger, Winchester, Edmondson, Colbert, Reif, Wyrick, and Darby, JJ., concur.
 

 Combs, C.J., and Gurich, V.C.J., concur in the result.
 

 [1]
 

 Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.,
 
 2003 OK 72
 
 , ¶ 23,
 
 77 P.3d 1042
 
 , 1053.
 

 [2]
 

 See
 

 id.
 
 ¶ 17,
 
 77 P.3d at
 
 1051 ;
 
 Sloan v. Owen
 
 ,
 
 1977 OK 239
 
 , ¶ 7,
 
 579 P.2d 812
 
 , 814 ;
 
 cf.
 

 Tibbetts
 
 ,
 
 2003 OK 72
 
 , ¶¶ 11-13,
 
 77 P.3d at 1049-50
 
 (holding that, in that case-where only money damages were sought but no monetary relief was awarded-"the only reasonable fee ... is no fee at all").
 

 [3]
 

 TAB's first claim is for "Services Rendered/Open Account/Account Stated," in which it is alleged that Calnan owes the sum of $626.15; the first claim concludes with a "pray[er] for judgment against Defendant, in the sum of $626.15." TAB's second claim is for "Quantum Meruit/Quasi Contract," in which it is alleged that Calnan has unjustly benefited from the services rendered; the second claim also ends with a "pray[er] for judgment against Defendant, in the sum of $626.15." ROA, Doc. 1, Pl.'s Pet. at 1-2.
 

 [4]
 

 ROA, Doc. 4, Pl.'s Mot. for Summ. J. & Br. in Support Thereof at Ex. D (an affidavit from TAB's president stating: "[T]he principal balance stated in TAB's petition was true and correct at the time this suit was filed but Defendant paid the principal amount April 27, 2016, in full.... [T]he balance has been adjusted.").
 

 [5]
 

 See
 
 ROA, Doc. 12, Decision on Mots. for Summ. J. at 2; ROA, Doc. 13, Final J. & Order Assessing Costs & Attorney's Fees at 1. Section 936 states, in relevant part:
 

 A. In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 

 12 O.S.Supp.2016 § 936(A).
 

 [6]
 

 See
 

 Sooner Builders & Invs., Inc. v. Nolan Hatcher Constr. Servs., L.L.C.
 
 ,
 
 2007 OK 50
 
 , ¶ 17,
 
 164 P.3d 1063
 
 , 1069 (" '[P]revailing party,' as a legal term of art, means the successful party who has been awarded some relief on the merits of his or her claim." (citing
 
 Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.
 
 ,
 
 532 U.S. 598
 
 , 603,
 
 121 S.Ct. 1835
 
 ,
 
 149 L.Ed.2d 855
 
 (2001) ) ).
 

 [7]
 

 To avoid such a result, plaintiffs in a similar situation have two options available. First, they may choose to accept full payment of their claims (as TAB did here) and dismiss the action, in which case plaintiffs will avoid a judgment against them but will forfeit the opportunity to seek a fee award. Or, second, they may reject payment and seek to have the same awarded by judicial decision, in which case-should the plaintiffs prevail-they will be entitled to seek a fee award.
 

 [8]
 

 15 U.S.C. §§ 1692
 
 -1692p (2012).