Gary FREEMAN, Guardian of the Estate of Rocky Jess Stone, Appellee,

v.

PRUDENTIAL SECURITIES, INC., Rex Moore and James Mangum, Appellants.

No. 78935.

Court of Appeals of Oklahoma, Division No. 1.

March 30, 1993.

Rehearing Denied May 18, 1993.

Certiorari Denied July 13, 1993.

Appeal from the District Court of Murray County, John H. Scaggs, Judge.

Heather L. Hintz, A.P. Murrah, Jr., Oklahoma City, for appellant.

George W. Dahnke, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Prudential Securities, Inc., Rex Moore and James Mangum (Appellants) appeal from the trial court's order denying their motion to compel arbitration filed against Appellee, Gary Freeman, Guardian of the Estate of Rocky Jess Stone. Appellee was appointed Guardian on October 14, 1988.

Billie Richards (Richards), mother of Rocky Jess Stone (Stone), was appointed Conservator of Stone's property on May 9, 1985, and served in that capacity until October 14, 1988. During that period of time, she entered into investment agreements, on behalf of Stone's estate, with Appellants Moore and Mangum, agents and employees of Appellant Prudential Securities, Inc.

(Prudential), formerly Prudential–Bache Securities, Inc. Contained within the agreements is a provision for "Governing Law/Arbitration". Its language states, *inter alia*, the contract is to be governed by the laws of the State of New York and that any controversy shall be settled by arbitration "in accordance with rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect...." Richards signed the agreements "Billie Richards" under the following title, printed by hand: "Billie Richards, Gdn for Rocky Jess Stone".

After Appellee was appointed Guardian, he brought this lawsuit, alleging Appellants, through material misrepresentations and omissions of fact, persuaded Richards to liquidate an investment she had made on behalf of Stone, and to invest the proceeds of $367,510.17 in units of Prudential–Bache Energy Income Partnership, Series V, units of Polaris Aircraft Income IV, a California Limited Partnership; units of Prudential–Bache Government Plus Fund; and units of Prudential–Bache Money Market Assets. Appellee alleged each of the units constituted a security within the meaning of the Oklahoma Securities Act, 71 O.S.1991 § 1 et seq. Appellee alleged the offers and sales were made by means of material misrepresentations and omissions of fact in violation of 71 O.S.1991 § 408. He also raised allegations that Appellants breached their fiduciary duty to Richards, whom they knew to be an unsophisticated investor, totally dependent upon their recommendations. He also sought punitive damages, alleging their actions were made with the intent to cause loss to Stone's estate, or in the alternative, with such reckless disregard to the interests of the estate as to be the legal equivalent of intent.

After Appellants answered, they made written demands to Appellee's counsel to submit to arbitration the matters raised in the pleadings. Appellee's counsel refused, and the motion to compel arbitration was filed.

The trial court's order denying the motion to compel arbitration states as follows:

The Court having reviewed Defendant's Motion to Compel Arbitration and To Stay Further Proceedings is overruled for reasons; 1. any Arbitration is not mandatory in the State of Oklahoma; 2. that Billie Richards as conservator of the Estate of Rocky Jess Stone could not compromise or remove the jurisdiction and authority of the District Court from any matter pertaining to said guardianship.

As a result of the Court overruling Defendant's Motion to Stay and Compel, Plaintiff's Motion for Continuance is moot.

■ The order on appeal is an interlocutory order appealable by right. See Rule 1.60, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1984, Ch. 15, App. 2; 15 O.S.1991 § 817(A)(1).

Appellants contend the trial court erred in denying the motion to compel arbitration because the parties entered into an arbitration agreement which is valid under state and federal law; and that the trial court erred in holding that the district court has exclusive jurisdiction over matters pertaining to the guardianship. They contend that under the Uniform Arbitration Act (the Act), 15 O.S.1991 § 801 et seq., adopted in Oklahoma in 1978, all arbitration agreements are "valid, enforceable and irrevocable". See 15 O.S.1991 § 802(A). Appellants have also cited Oklahoma and federal case law for the proposition that arbitration agreements are favored and are to be rigorously enforced by the courts, and that such agreements are not diminished when the party bound by the agreement raises a claim founded upon statutory rights.[1]

In response, Appellee contends that: (1) the arbitration agreement was not mandatory upon Appellee because he was not a party to the Agreement and was not an "heir, executor, administrator or assign" of Richards; (2) Richards did not have authority, as a non-institutional conservator, to make the investments in question or to execute the borrowing (margin) agreement as an incident thereto; and (3) the arbitration agreement was procured by the fraud of Appellants.

■ Ordinarily, agreements of parties to bind themselves to mandatory arbitration are favored. Our Supreme Court recognized that courts "generally look with favor upon arbitration provisions as a shortcut to substantial justice with a minimum of court interference." *Long v. DeGeer,* 753 P.2d 1327, 1328 (Okl.1988). However, in the instant appeal, we have the issue of whether Richards, as conservator, had the authority to enter into this type of investment contract. We hold that she did not.

Guardians and, therefore, conservators [see 30 O.S.1991 § 3–215 (formerly 58 O.S. 1981 § 890.5, as amended) ] were limited in the investments they could make for their wards, pursuant to 58 O.S.Supp.1985 § 882 (Renumbered 30 O.S.Supp.1988 § 4–709), which provides:

Except as may be provided by law otherwise, the money belonging to estates of minors and incompetent persons, subject to the jurisdiction of the district court, can only be invested in real estate and first mortgages upon real property which do not exceed fifty percent (50%) of the actual value of the property, United States bonds, state bonds, bonds of municipal corporations, in accounts in savings and loan associations and credit unions located in the State of Oklahoma, and all types of interest-bearing time deposits and certificates of banks, savings and loan associations and credit unions located in the State of Oklahoma, not to exceed the amount insured by the United States Government....

Appellants were charged with notice of these statutory limitations on the conservator's investment power. *See Rhodd v. Hembree,* 194 Okl. 172, 147 P.2d 994 (1944). The investments made by Richards on behalf of Stone do not fall within the type of investments outlined above. Thus, she was

---

**1.** *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Perry v. Thomas,* 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Long v. DeGeer,* 753 P.2d 1327 (Okl.1987).

without authority to enter into the contracts, and the requirement to submit controversies to arbitration is invalid.

We offer no opinion as to the trial court's ruling that Richards, as conservator, could not "compromise or remove the jurisdiction and authority of the District Court from any matter pertaining to said guardianship". It is unnecessary to decide this issue because the trial court reached the correct decision, and "a trial court's judgment, if correct, will not be reversed on account of a reason ... given therefor, even assuming that the stated reason is wrong or incorrect." *Davis v. Little*, 289 P.2d 666, 668 (Okl.1955) (citation omitted).

Appellants' motion to compel arbitration was properly denied.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.