2008 OK CIV APP 79

HIRSCH HOLDINGS, L.L.C., a Delaware limited liability company; Gary Hirsch, individually; Sonja Hirsch, individually; Advantage Manufacturing Group, L.L.C., an Oklahoma limited liability company; Advantage Medical, Inc., an Oklahoma corporation; and American Renewable Resources, L.L.C., an Oklahoma limited liability company, Plaintiffs/Appellants,

v.

HANNAGAN–TOBEY, L.L.C., a Delaware limited liability company; David Hannagan; Katherine Hannagan; Nunn Holdings, L.L.C., a Delaware limited liability company; K. Joy Nunn; Kenneth L. Albright; and Albright, Rusher & Hardcastle, a Professional Corporation, Defendants/Appellees, Billy Tobey, Defendant.

No. 103,621.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 31, 2007.

Rehearing Denied Dec. 11, 2007.

Certiorari Denied March 24, 2008.

J. David Jorgenson, Pinkerton & Finn, P.C., Tulsa, Oklahoma, for Appellants.

Patrick O'Connor, Moyers, Martin, Santee, Imel & Tetrick, L.L.P., Tulsa, Oklahoma, for Appellees Hannagan–Tobey, L.L.C., David Hannagan and Katherine Hannagan.

Adam J. Strange, James E. Weger, Robert R. Peters, II, Jones, Gotcher & Bogan, P.C., Tulsa, Oklahoma, for Appellees Nunn Holdings, L.L.C., and K. Joy Nunn.

Jo Lynn Jeter, John E. Dowdell, Norman, Wohlgemuth, Chandler & Dowdell, Tulsa, Oklahoma, for Appellees Kenneth L. Al-

bright, and Albright, Rusher & Hardcastle, P.C.

LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiffs/Appellants Hirsch Holdings, L.L.C., et al. (individually, by name, or collectively, Hirsch or Plaintiffs), seek review of the trial court's orders denying their motion to vacate an arbitrator's award for Defendants/Appellees Hannagan–Tobey, L.L.C., et al. (individually, by name, or collectively, Hannagan or Defendants), and granting Defendants' motion to confirm the arbitrator's decision, including the arbitrator's award of attorney's fees. In this proceeding, Plaintiffs challenge the trial court's orders compelling arbitration and confirming the arbitrator's award as (1) contrary to the parties' contractual agreement to litigate all disputes, (2) improperly requiring arbitration of non-arbitrable tort claims, and (3) violating both the contractual terms and Oklahoma law governing recovery of attorney's fees. Having reviewed the record, we hold the trial court erred in compelling arbitration. The orders of the trial court are consequently reversed, and the cause remanded for further proceedings.

¶ 2 Gary Hirsch owned a patent covering or related to a "System and Method of Reconstituting Fibers from Recyclable Waste Material," a process for reclaiming useful cotton fiber. Hirsch purchased a manufacturing site in Rogers County, Oklahoma, where Hirsch's companies, Advantage Medical, Inc. and American Renewable Resources, L.L.C., operated using Hirsch's recycling patent. Hirsch subsequently entered into a joint venture agreement with a Mexican firm and Nunn[1] for operation of facilities using Hirsch's patent.

¶ 3 Hirsch later agreed to sell, and Hannagan agreed to buy, his interest in the joint venture and the recycling patent for about $1.4 million by document entitled, Equity Interests Purchase Agreement. The Purchase Agreement required Hirsch to execute

---

1. Pursuant to the joint venture agreement, the Mexican firm acquired fifty percent (50%) of Hirsch's Oklahoma operations, including patents and tangible assets, while Hirsch's employee, K. Joy Nunn, obtained an eight percent (8%) inter-est, and Hirsch retained a forty-two percent (42%) interest, including a recycling patent, real property, equipment and related assets in Rogers County.

an Assignment of his Equity Interests and an Assignment of his recycling Patent to Hannagan, and required Hannagan to execute a Licensing Agreement back to Hirsch, allowing him to continue to use the recycling patent.

¶ 4 The Purchase Agreement also provided:

This Agreement shall be construed in accordance with, and the rights and duties of the parties hereto shall be governed by, the internal laws of the State of Oklahoma. The parties hereto irrevocably and unconditionally consent to and submit themselves to the exclusive jurisdiction of the courts of the State of Oklahoma located in Tulsa County, Oklahoma and the courts of the United States of America located in the Northern District of Oklahoma (collectively, the "Agreed Courts") with respect to any actions, suits or proceedings arising out of or in connection with this Agreement and the transactions contemplated hereby and the parties hereto agree not to commence any action, suit or proceeding relating thereto except in such Agreed Courts.

The Purchase Agreement contained no reference to arbitration.

¶ 5 However, to the Purchase Agreement, the parties attached a Patent Assignment and License Agreement. The Patent Assignment provided:

Arbitration. Any controversy or dispute arising out of or in connection with this Agreement, its interpretation, performance or termination, which the parties are unable to resolve within a reasonable time after written notice by one party to the other of the existence of such controversy or dispute, *may* be submitted to arbitration by either party and if so submitted by either party, shall be finally settled by arbitration conducted in accordance with the rules of conciliation and arbitration of the Commercial Rules of the American Arbitration Association in effect on the date hereof. Such arbitration shall be conducted in the English language and the arbitrators shall apply the laws of the State of Oklahoma. The decision of the arbitrators shall be binding and conclusive upon the parties, their successors and assigns and they shall comply with such decision in good faith, and each party hereby submits itself to the jurisdiction of the Courts of a place where the arbitration is held, but only for the entry of judgment with respect to the decision of the arbitrators hereunder. Notwithstanding the foregoing, judgment upon the award may be entered in any Court where the arbitration takes place, or any Court having jurisdiction.

(Emphasis added.) And, the License Agreement provided:

Any controversy or claim arising out of or relating to this Agreement, or any breach thereof *shall* be settled by binding arbitration conducted in Tulsa, Oklahoma in accordance with the Commercial Rules of the American Arbitration Association before a single arbitrator, and judgment upon the award rendered by such arbitrator shall be filed and may be entered in any Court of competent jurisdiction.

(Emphasis added.)

¶ 6 Upon an alleged default in performance of the Purchase Agreement, Hirsch commenced the instant action against Defendants Hannagan and Nunn, asserting Defendants' fraud in the inducement, breach of contract, breach of fiduciary duty, and conspiracy, and seeking damages, rescission, restitution, and replevin. Hirsch amended to add claims against Defendants Albright, alleging fraud, negligence and breach of duty in the performance of their role as Escrow Agent for the transaction.

¶ 7 Some Defendants filed a motion to compel arbitration pursuant to the arbitration clauses of the Patent Assignment and License Agreement. Hirsch objected, cited the Agreed Courts provision of the Purchase Agreement as controlling, and argued its tort claims were not amenable to resolution by arbitration.

¶ 8 After briefing and argument, the trial court granted the motion to compel arbitration. In so holding, the trial court reasoned that, construing the Purchase Agreement, the Patent Assignment and the License Agreement together as one contract, and giv-

ing effect to the broad language of the mandatory arbitration clause of the Licensing Agreement requiring the arbitral resolution of "[a]ny controversy or claim arising out of or relating to this Agreement," "the claims of the Plaintiffs are certainly embraced by the arbitration provisions contained in the patent-related agreements."

¶ 9 Nunn agreed to arbitration, and the parties conducted substantial discovery. Over five days, the parties subsequently presented the testimony of many witnesses and substantial evidentiary materials to the arbitrator. On consideration of the evidence and the arguments of the parties' respective counsel, the arbitrator found for Defendants on all issues. Upon submission of supporting documentation, the arbitrator also awarded Defendants attorney's fees and costs.

¶ 10 Hirsch filed a motion to vacate the arbitrator's decision, and Defendants filed a motion to confirm the arbitrator's award. Discerning no grounds for vacation, the trial court confirmed the arbitrator's decision, including the award of attorney's fees. Hirsch appeals.

■ ¶ 11 In its first proposition, Hirsch complains the trial court erred in compelling arbitration. Here, Hirsch argues the Agreed Courts provision of the Purchase Agreement embodies the parties' *specific agreement to litigate all disputes* in state or federal court, and the contracts reflect *no mutual agreement to arbitrate all disputes.* Moreover, says Hirsch, he asserted no claims for breach of the Patent Assignment or the License Agreement which, under the terms of those documents, might be arbitrable, and that the separate and distinct tort claim for fraud in the inducement is not subject to arbitration as a matter of Oklahoma law. *Shaffer v. Jeffery,* 1996 OK 47, ¶ 26, 915 P.2d 910, 917.[2]

■ ¶ 12 Fundamental to the right to compel arbitration is an agreement to arbitrate the particular dispute at issue, and "the courts will not impose arbitration upon parties where they have not agreed to do so." *Oncology & Hematology P.C. v. U.S. Oncolo-*

*gy, Inc.,* 2007 OK 12, ¶ 22, 160 P.3d 936, 944. So:

To assure that the parties have consented to arbitration, the courts will decide whether there is a valid enforceable arbitration agreement, whether the parties are bound by the arbitration agreement, and whether the parties agreed to submit a *particular* dispute to arbitration. *The courts will not require a party to submit a controversy to arbitration where it has not been so agreed.*

*Oncology & Hematology P.C.,* 2007 OK 12, ¶ 22, 160 P.3d at 944–945. (Emphasis added.) "The question as to the existence of valid enforceable agreements to arbitrate ... is a question of law to be reviewed by a de novo standard, without deference to the lower court. (Citations omitted.)" *Oncology & Hematology P.C.,* 2007 OK 12, ¶ 19, 160 P.3d at 944.

■ ¶ 13 In determining whether the parties have agreed to arbitrate, state contract law applies. *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 19 *138 P.3d 826,* 831. In this respect, and as a matter of construction, "[a] contract is to be interpreted to give effect to the mutual intention of the parties at the time of contracting." *Pitco Production Co. v. Chaparral Energy, Inc.,* 2003 OK 5, ¶ 14, *63 P.3d 541,* 548, fn. 22. (Citation omitted.)

¶ 14 In the search for the parties' intent, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." 15 O.S. § 158; *Sunrizon Homes, Inc. v. American Guar. Inv. Corp.,* 1988 OK 145, ¶ 9, 782 P.2d 103, 107. On the rule of construction reflected in § 158, the Tenth Circuit Court of Appeals explained:

This rule has been generally adopted, sometimes by statute, as an aid to the courts in their paramount quest for the intent of the parties to a contract, and in conjunction with the rule that the contract must be construed as a whole. But the determination of whether two instruments constitute but one transaction to permit such construction must depend upon the

---

2. "[A]llegations of fraud in the inducement of an agreement to arbitrate must be resolved by the

court prior to either compelling arbitration or dismissing the case."

particular obligations undertaken and the facts surrounding the promises. To do otherwise would do violence to the intention of the contracting parties ...:

'It is true that the principle by which instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are considered as one, and receive the same construction as if embodied in one instrument, is of wide application and the illustrative cases are many ... But at most that principle is merely a rule of construction to give effect to the intent of the parties. The provisions of one instrument are not thereby imported bodily into another. The application of the rule does not result in actual consolidation of the several contracts. It does not convert a speciality into a simple contract, or a simple contract into a specialty. Each of several instruments may be construed in the light of the others, without their being considered as one for all purposes. Moreover, considering several instruments as one is not the natural construction, and is resorted to only to effectuate the intention. They may be intended to be separate instruments and to provide for different things.'

*Sterling Colorado Agency, Inc. v. Sterling Ins. Co.,* 266 F.2d 472, 475–476 (10th Cir.(Colo.) 1959.) (Citations omitted.) Stated otherwise:

[E]ven though several instruments relating to the same subject and executed at the same time should be construed together in order to ascertain the intention of the parties, it does not necessarily follow that those instruments constitute one contract or that one contract was accordingly merged in or unified with another so that every provision in one becomes a part of every other.... [It] does not mean that the provisions of one instrument are imported bodily into another, contrary to the intent of the parties.

11 Williston on Contracts § 30:26 (4th ed.).

¶ 15 In granting the motion to compel arbitration in the present case, the trial court first held "the most minimal indication of the parties' intent to arbitrate must be given full effect." *Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 478 (9th Cir.(Cal.) 1991).[3] Construing the Agreed Courts provision of the Purchase Agreement together with the arbitration clauses of the Patent Assignment and Licensing Agreement, the trial court held the parties had agreed to arbitrate all claims, and granted the motion to compel. *See, Personal Security & Safety Systems, Inc. v. Motorola Inc.,* 297 F.3d 388 (5th Cir.(Tex.) 2002); *Neal v. Hardee's Food Systems, Inc.,* 918 F.2d 34 (5th Cir.(Tex.) 1990); *Com–Tech Associates v. Computer Associates International, Inc.,* 753 F.Supp. 1078 (E.D.N.Y.1990).

¶ 16 Indeed, where parties execute multiple contracts as part of, or relating to, the same transaction, and one of the contracts provides for arbitration while the others do not, the courts of some jurisdictions have held that, under the circumstances of each case, it was appropriate to construe the parties' contracts together as requiring arbitration of all disputes. *See, e.g., National American Insurance Company v. Scor Reinsurance Company,* 362 F.3d 1288, 1291–1292 (10th Cir.(Okla.) 2004); *Personal Security & Safety Systems, Inc.,* 297 F.3d at 394–395; *Neal,* 918 F.2d at 38; *Com–Tech Associates,* 753 F.Supp. at 1084. Under similar circumstances, however, the courts of other jurisdictions have held such a construction to require arbitration was not appropriate. *See, e.g., Rosen v. Mega Bloks, Inc.,* 2007 WL 1958968 (S.D.N.Y.2007); *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.,* 2007 WL 1187870 (S.D.N.Y.2007); *The U.S. Small Business Administration v. Chimicles,* 447 F.3d 207 (3rd Cir.(Pa.) 2006); *American Life Insurance Company v. Parra,* 25 F.Supp.2d 467 (U.S.D.C.(Del.) 1998).

■ ¶ 17 In the present case, and by their mutual execution of the Purchase Agreement including the Agreed Courts provision, the parties each expressly agreed and consented

---

**3.** "[T]he clear weight of authority holds that the most minimal indication of the parties' intent to arbitrate must be given full effect, especially in international disputes. (Citations omitted.)"

to the resolution of "any actions, suits or proceedings arising out of or in connection with *this Agreement and the transactions contemplated hereby* " *only* in the "Agreed courts" "of the State of Oklahoma located in Tulsa County, Oklahoma and the courts of the United States of America located in the Northern District of Oklahoma." The License Agreement is clearly a "transaction contemplated" by the Purchase Agreement.

¶ 18 Further, the purpose of the License Agreement was to allow Hirsch, after the Patent Assignment, to continue to use his patent for certain purposes, but the use or misuse of the patent has never been a part of any of the parties' competing claims in this dispute. In our opinion, the plain language of the License Agreement, mandating resolution of "[a]ny controversy or claim arising out of or relating to *this Agreement,* or any breach thereof" by arbitration, requires *only* the arbitration of disputes relating to the License Agreement. Construing the Agreed Courts provision of Purchase Agreement together with the arbitration clause of the License Agreement, it is entirely reasonable to conclude the parties intended that disputes arising under the Licensing Agreement should be subject to arbitration, while disputes arising under the Purchase Agreement should be subject to judicial resolution in the "Agreed Courts."

¶ 19 The trial court's construction of the Agreed Courts clause as merely delineating the courts where arbitration might be compelled, or where an arbitration award might be confirmed, runs contrary to the broad language of the Agreed Courts provision dictating judicial resolution of "any actions, suits or proceedings arising out of or in connection with this Agreement and the transactions contemplated hereby." The inclusion of an arbitration clause in a contract ancillary to the principal Purchase Agreement does not reflect the parties' intent to submit *all* disputes to arbitration, particularly considering the clear, unmistakable, and unambiguous language of the Agreed Courts clause.

¶ 20 In short, the courts may compel parties to arbitrate only what they have agreed to arbitrate, and, taken together, the con-

tracts at issue do not clearly reflect the parties' intent or agreement to arbitrate *all* disputes arising under the Purchase Agreement. Upon de novo review, we therefore hold the trial court erred in compelling arbitration. The orders of the trial court compelling arbitration, denying Plaintiffs' motion to vacate, and granting Defendants' motion to confirm the arbitrator's award are consequently REVERSED, and the cause REMANDED for further proceedings.

ADAMS, J., and MITCHELL, V.C.J., concur.