2008 OK CIV APP 34

**Matthew Young FARRELL and Michelle Lynn Farrell, Plaintiffs/Appellees,**

v.

**CONCEPT BUILDERS, INC., Defendant/Appellant.**

No. 106,047.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 9, 2009.

Certiorari Denied March 23, 2009.

Jonathan C. Neff, Timothy E. Houchin, Jonathan Neff, P.C., Tulsa, OK, for Plaintiffs/Appellees.

Lawrence D. Taylor, Tulsa, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Judge.

¶ 1 Defendant/Appellant Concept Builders, Inc. (Builder) appeals from the trial court's Order Denying Arbitration of Plaintiffs/Appellees Matthew Young Farrell and Michelle Lynn Farrell's claims for breach of a home construction contract, warranty, and negligent construction. On *de novo* review of the record, we find the parties did not agree to arbitrate the claims asserted. We therefore affirm the denial of Builder's motion.

¶ 2 In their Petition, filed December 28, 2007, the Farrells asserted they entered a Contract with Builder October 26, 2004, in which Builder agreed to build a home for the Farrells on the Farrells' lot.[1] They alleged Builder breached the Contract and express warranties because the home was defective in materials and workmanship. The Farrells further alleged the house had structural defects rendering it unfit for habitation and that Builder thereby breached the implied warranty of habitability and warranty that the home would be built in a good and workmanlike manner free of material defects. The Farrells lastly asserted Builder was negligent in breaching its contractual duty to build the house in accordance with standards of care in the community which led to defects and damage to the house. The Farrells sought damages and attorney fees.

¶ 3 Builder responded with its Motion for Order Suspending Litigation and Directing Parties to Binding Arbitration. Builder asserted that the Contract included language that the "One Year Written Builders Warranty" (Warranty) was a binding agreement, and that when signing the Contract, the Farrells acknowledged having received a copy of the Warranty. The Warranty provided for binding arbitration of disputes at the request of either party. Builder asserted that it had submitted the matter to arbitration and it requested an order directing the Farrells to submit to arbitration of the dispute.

¶ 4 The Farrells asserted the case was not subject to arbitration on three bases. First, they asserted the arbitration act in effect at the time they entered the Contract was repealed and as a result there was no statutory basis for compelling arbitration of the Contract. Second, they contended that even if the warranty claims were subject to arbitration, their breach of contract and negligence claims should be severed for trial. Lastly, they contended that the Contract included an attached "Supplemental Agreement" which contained specifications for the construction of the home, and that the Contract included a

1. The Contract, admitted as Builder's Exhibit 1, is a form agreement titled Contract of Sale of Real Estate provided by the Greater Tulsa Association of Realtors. Under the pre-printed language "1. SALE. Seller agrees to sell and ... Buyer agrees to purchase the following described real estate ..." is typed "Seller will build a revised 'Fairway' plan on Buyer's lot."

provision that they could pursue any legal or equitable remedies for breach of the Contract. The Farrells asserted that an arbitrator would not have authority to grant the remedies sought by the Farrells, namely a mandatory injunction and rescission of the Contract.

¶ 5 The Farrells filed April 15, 2008 their Application for Summary Disposition of (Builder's) Motion for Arbitration. The Farrells claimed it was undisputed that the Contract allowed them to pursue any legal or equitable remedy and that the Contract did not make any reference to arbitration. The Farrells contended that the arbitration clause in the Warranty provided that it applied to "unresolved disputes over warranty claims," and that the Warranty also provided that it "is separate and apart from and cannot be affected by your sales contract." The Farrells noted also that the Contract stated that it could only be amended or modified by a written agreement signed by Builder and the Farrells. The Farrells argued that accordingly, the Contract and the Warranty each stood alone and that the Warranty could not take away rights granted in the Contract. The Farrells also argued that their claims for negligence and breach of contract in building the home could not be characterized as Warranty claims. The Farrells' final arguments were that arbitration according to the terms of the Warranty was too costly, and that the trial court had discretion to retain the Warranty claims for trial with the severed negligence and breach of contract claims.

¶ 6 Hearing on Builder's motion was held May 29, 2008. The trial court entered its Order Denying Arbitration June 20, 2008. Builder appeals.

■ ¶ 7 An order denying a motion to compel arbitration is an interlocutory order appealable by right. *Freeman v. Prudential Sec., Inc.,* 1993 OK CIV APP 65, ¶ 6, 856 P.2d 592, 594. We review the grant or denial of a motion to compel arbitration *de novo. Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.,* 1997 OK CIV APP 58, ¶ 4, 947 P.2d 594, 596. In seeking to compel arbitration, a party "must present a statement of the law and facts showing an enforceable agreement to arbitrate the issues

presented by the petition." *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 16, 138 P.3d 826. Ambiguities are resolved in favor of finding the dispute is arbitrable; "arbitration should be allowed unless the court can say with 'positive assurance' the dispute is not covered by the arbitration clause." *City of Muskogee v. Martin,* 1990 OK 70, 796 P.2d 337, 340. However, the courts will not impose arbitration where the parties have not agreed to it because "(a)rbitration is a matter of consent, not coercion." *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.,* 2007 OK 12, ¶ 22, 160 P.3d 936. In determining whether the parties have consented to arbitration, the courts will decide whether there is a valid enforceable arbitration agreement, whether the parties are bound by the arbitration agreement, and whether the parties agreed to submit the particular dispute to arbitration. *Id.* The contract must be construed to carry out the intent of the parties at the time the contract was made. *Oxley v. General Atlantic Resources, Inc.,* 1997 OK 46, 936 P.2d 943, 945.

■ ¶ 8 The evidence at the hearing showed that the Farrells owned the lot and they contracted with Builder to construct the house on their lot. Clause 6 of the Contract provided:

6. **IMPROVEMENTS.** Unless otherwise provided in this Contract, or an exhibit attached hereto, Seller warrants that the improvements presently constructed on the Property, and those improvements to be completed, if any, will be free from defects in materials and workmanship, in accordance with construction standards prevailing in the community. Upon receipt of written notice from the Seller that the contemplated improvements are substantially complete, the Buyer, at Buyer's expense, shall be entitled to inspect the improvements to determine whether the improvements are free of defects and have been completed in accordance with the provisions of this Contract. At Closing, Seller shall transfer to Buyer all manufacturer's and new product warranties covering fixtures, equipment, and appliances.

**Seller shall not be responsible for any defects unless Seller shall have received,**

**within twelve (12) months after Closing, written notice from Buyer specifically listing any then-existing defects.**

(Emphasis in original). Clause 16 of the Contract addressed remedies for breaches.

It provided, in pertinent part:

16. **BREACH OR FAILURE TO CLOSE.** If, after the Seller has performed Seller's obligations under this Contract, and if, within five (5) days after the date specified for Closing . . ., the Buyer fails to make payments or to perform any other obligations of the Buyer under this Contract, then the Seller may, at Seller's option, cancel and terminate this Contract. . . . If the Buyer performs all the obligations of Buyer, and Seller breaches this Contract or fails to perform any of Seller's obligations then Buyer shall be entitled to either cancel and terminate this Contract, return the abstract to Seller and receive a refund of earnest money . . ., or pursue any other legal or equitable remedy.

(Emphasis in original). Clause 17 of the Contract stated that a supplemental agreement is attached. Clause 20 of the Contract provided, in pertinent part:

20. **BINDING EFFECT AND ENFORCEMENT.** This Contract shall be executed as set out in Paragraph 20 and when executed by both Seller and Buyer shall be binding upon and inure to the benefit of Seller and Buyer . . . This Contract sets forth the complete understanding of Seller and Buyer and supersedes all previous negotiations, representations, and agreements between them, . . . This Contract can only be amended or modified by a written agreement signed by Seller and Buyer. . . .

(Emphasis in original). Clause 21 of the Contract provided that the parties agreed to submit claims arising out of disputes to mediation, and that if an agreement was not reached in mediation, the parties were free to pursue other legal remedies.

¶ 9 The Supplemental Agreement was a list of 40 numbered "premium features" which mostly addressed building materials. The premium feature numbered 2, however, provided: "2. WARRANTY–1 year Written Builders Warranty, 10 Year Written Insured Warranty (RWC), Warranty of Major Structural Defects Only. Buyer Should Read These Warranties as They are Binding Agreements." The last page of the Supplemental Agreement included the following language:

ANY CHANGES, UPGRADES, ETC. MADE TO THIS CONTRACT *MUST* BE SIGNED BY BUYER AND SELLER ON THE "CONCEPT BUILDERS CHANGE ORDER FORM". . . .

BY SIGNING BELOW YOU ARE ACKNOWLEDGING THAT YOU HAVE RECEIVED A COPY OF THE "ONE YEAR BUILDERS WARRANTY" AND SIGNED THE "AFFILIATED BUSINESS ARRANGEMENT DISCLOSURE STATEMENT."

(Emphasis in original). The Farrells signed the Contract and the Supplemental Agreement.

¶ 10 The Warranty, admitted as Builder's Exhibit 2, was not signed by either party. Section A(6)(H) of the Warranty provided, in part: "Unresolved disputes over warranty claims may be submitted to binding arbitration by either party. If either party submits an unresolved dispute to binding arbitration, no litigation may ensue or continue during the arbitration process. . . ."

¶ 11 "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). In this case, the Contract, signed by the Farrells, provided for the pursuit of legal and equitable remedies and did not include an arbitration agreement. The arbitration clause was in the Warranty which the Farrells received, but which they did not sign. The Contract they signed provides that it may not be modified except by a signed writing. The trial court noted at a minimum this shows an ambiguity. While typically an ambiguity is resolved in favor of finding a dispute arbitrable, here, the issue is

whether the Farrells consented to the Warranty language as part of the Contract.

¶ 12 The trial court noted that the Supplemental Agreement stated that the Farrells had received a copy of the Warranty, but that nothing in the signed documents indicated the Warranty was incorporated into the Contract. The trial court further noted that 15 O.S.Supp.2001 § 170 provides that in the case of uncertainty in a contract, the uncertainty should be interpreted against the party who caused the uncertainty to exist.[2] The court found that the Contract terms and the Warranty terms were contradictory and uncertain, and it interpreted that uncertainty against Builder. The court denied Builder's motion on that basis.

¶ 13 Under the record presented here, we are unable to hold that the Farrells agreed to the arbitration clause. The Contract and Supplemental Agreement signed by the Farrells contained no arbitration agreement and contained no reference to arbitration. We hold that merely acknowledging receipt of a warranty document is not the equivalent of agreeing to arbitrating warranty claims and waiving rights to proceed in court. We consequently find "with positive assurance" that the Farrells did not agree to arbitrate the claims asserted in this case.

AFFIRMED.

BELL, P.J., and ADAMS, J., concur.

---

2. We do not use this interpretive factor because the evidence is that the parties used a form agreement, and there is no evidence either party drafted the documents at issue.