2010 OK CIV APP 127

**CITY COLLEGE, INC.,**
Plaintiff/Appellee,

v.

**MOORE SORRENTO, LLC,**
Defendant/Appellant.

No. 106,107.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 18, 2010.

Rehearing Denied July 16, 2010.

Certiorari Denied Nov. 1, 2010.

---

Barry K. Roberts, Stanley M. Ward, Norman, OK, for Plaintiff/Appellee

Russell L. Mulinix, Amy G. Piedmont, Mulinix Ogden Hall Andrews & Ludlam, PLLC, Oklahoma City, OK, for Defendant/Appellant

JANE P. WISEMAN, Chief Judge.

¶1 Moore Sorrento, LLC (Landlord) appeals the trial court's order confirming the October 3, 2007, arbitration award, confirming the December 20, 2007, final order including attorney fees, and denying Landlord's motion to vacate the award. Based on our review of the facts and applicable law, we find the trial court correctly confirmed the arbitration panel's award and denied Landlord's motion to vacate.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On November 16, 2006, City College, Inc. (Tenant), filed an application in district court asking the court to appoint arbitrators pursuant to a written lease agreement between Tenant and the original lessor, Superflea Outlets, LLC. The original lessor had assigned this lease to Moore Sorrento before this lawsuit arose.

¶3 After Tenant failed to pay the January 2007 rent, Landlord served a "Notice to Quit" stating Tenant had ten days to pay $23,965 to cure its default or surrender possession of the premises. Not having received payment, Landlord filed a separate forcible entry and detainer action on February 1, 2007, seeking possession of the premises.

¶4 On February 8, 2007, in the arbitration lawsuit, the parties stipulated to an order appointing arbitrators, and the trial court entered an order appointing James C. Elder, Ronald E. Stakem, and Ben T. Benedum "to determine and adjudicate the issues, claims, and disputes between the parties, except the issue of whether or not [an] FE & D eviction is subject to arbitration." Over Landlord's objections, the trial court later consolidated the forcible entry and detainer action with the arbitration action finding the arbitration provision controlled all issues between the parties.

¶5 On March 8, 2007, Landlord filed a motion to reconsider the trial court's ruling consolidating the actions and compelling the parties to arbitrate. On April 5, 2007, however, the parties entered into an "Agreed Journal Entry of Possession" stipulating that the lease agreement would terminate on April 15, 2007, and that upon termination, possession of the premises would be transferred to Landlord "free and clear of further claims to the possession thereof of City College, Inc. except for all issues raised by City College, Inc. in its Arbitration Petition and the Answer of Moore Sorrento, LLC thereto." The parties also agreed that "[a]ll issues related to rent alleged by Moore Sorrento ... as well as the entitlement to court costs and attorney's fees arising from the claims asserted by each party" would be determined in the arbitration proceedings.

¶6 After several days of arbitration, the arbitrators issued a written award on October 3, 2007, in favor of Tenant stating in part as follows:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that an award and judgment be entered in favor of City College, Inc. against Moore Sorrento, LLC in the amount of $845,871.08 in actual damages, and for City College, Inc. against Moore Sorrento, LLC for the expenses of arbitration in the amount of $37,282.06, ... [and] against Moore Sorrento, LLC for a reasonable attorney's fee, ... and an order for the benefit of the arbitration panel against Moore Sorrento, LLC that it pay arbitrators' fees to the date of this order in the amount of $12,000. . . .

On December 20, 2007, the arbitrators issued a "Final Order, Including Award of Attorney's Fees" in which the arbitration panel (Panel) awarded Tenant $53,545 in attorney fees.

¶7 Tenant then filed a motion with the trial court to confirm both the arbitration and attorney fee awards. In response, Landlord requested vacation of the arbitration and

attorney fee awards because (1) evident partiality existed on the part of one of the arbitrators on the Panel, (2) the Panel exceeded its powers, and (3) there was no enforceable arbitration agreement.

¶ 8 The trial court granted Tenant's motion to confirm and denied Landlord's motion to vacate the award.

¶ 9 Landlord appeals.

## STANDARD OF REVIEW

¶ 10 We review *de novo* "[t]he question as to the existence of valid enforceable agreements to arbitrate." *Oklahoma Oncology & Hematology PC v. U.S. Oncology, Inc.,* 2007 OK 12, ¶ 19, 160 P.3d 936, 944; *see also Hirsch Holdings, LLC v. Hannagan–Tobey, LLC,* 2008 OK CIV APP 79, ¶ 12, 193 P.3d 970, 973. In reviewing an arbitrator's decision, the trial court must give the arbitrator great deference and "cannot review the merits of the award, including any of the factual or legal findings." *Fraternal Order of Police, Lodge 142 v. City of Perkins,* 2006 OK CIV APP 122, ¶ 4, 146 P.3d 829, 830 (citing *City of Yukon v. International Ass'n of Firefighters, Local 2055,* 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179). "Where there is a valid arbitration agreement, the courts will submit the dispute to arbitration; and where the arbitrator's award is within the submission and the authority established by the arbitration agreement, the courts will enforce the award." *Sooner Builders & Invs., Inc. v. Nolan Hatcher Constr. Servs., LLC,* 2007 OK 50, ¶ 13, 164 P.3d 1063, 1068 (citing *Voss v. City of Oklahoma City,* 1980 OK 148, ¶ 6, 618 P.2d 925, 928).

## ANALYSIS

I. *Enforceability of the Arbitration Provision*

¶ 11 Because this issue involves whether this case should have proceeded to arbitration, we will address it first. Landlord presses three reasons why the arbitration provision in the lease agreement should not be enforced: (1) there is no agreement that the arbitration provision is the mandato-

ry means by which to resolve a dispute; (2) the Panel lacked jurisdiction to determine a forcible entry and detainer action; and (3) Tenant's failure to pay rent terminated the lease agreement thus terminating any arbitration requirement.

¶ 12 "To assure that the parties have consented to arbitration, the courts will decide whether there is a valid enforceable arbitration agreement, whether the parties are bound by the arbitration agreement, and whether the parties agreed to submit a particular dispute to arbitration." *Oklahoma Oncology,* 2007 OK 12 at ¶ 22, 160 P.3d at 944–45. Courts will not require arbitration when the parties have not agreed to it because "'arbitration is a matter of consent, not coercion.'" *Farrell v. Concept Builders, Inc.,* 2008 OK CIV APP 34, ¶ 7, 208 P.3d 483, 485 (quoted citation omitted).

¶ 13 Oklahoma contract law applies in determining whether the parties have agreed to arbitrate. *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 19, 138 P.3d 826, 831. "The courts will read the provisions of a contract in their entirety to give effect to the intention of the parties as ascertained from the four corners of the contract, and where the language is ambiguous, it will be interpreted in a fair and reasonable sense." *Oklahoma Oncology,* 2007 OK 12 at ¶ 27, 160 P.3d at 946 (citation omitted). "The courts will decide, as a matter of law, whether a contract provision is ambiguous and interpret the contract provision as a matter of law, where the ambiguity can be cleared by reference to other provisions or where the ambiguity arises from the contract language and not from extrinsic facts." *Id.* (citation omitted). We must interpret the contract to "carry out the intention of the parties at the time the contract was made." *Oxley v. General Atlantic Res., Inc.,* 1997 OK 46, ¶ 14, 936 P.2d 943, 945.

¶ 14 Landlord argues that because the lease agreement allows it the right to exercise other remedies, the arbitration provision is not mandatory.[1] The "other remedies" cited by Landlord are:

---

1. The arbitration provision states: "If the Landlord and the Tenant are unable to agree on any

**35. Landlord's Remedies.** On the occurrence of any Default by Tenant, Landlord has the option to do any one or more of the following without any further notice or demand, in addition to and not in limitation of any other remedy permitted by Law, in equity, or by this Lease....

The lease agreement then lists remedies under this paragraph including but not limited to allowing the landlord to apply the tenant's deposit against any amounts owed to it or to remedy a default, terminating the lease, or reletting the premises. The lease also provides: "The rights granted to or reserved by Landlord in this Lease are cumulative of every other right or remedy which Landlord might otherwise have at law or in equity and the exercise of one or more rights or remedies will not prejudice the concurrent or subsequent exercise of other rights or remedies." [2] Landlord argues that given these "cumulative remedies, the Lease does not give rise to a presumption that the parties agreed that arbitration would be mandatory."

¶ 15 Tenant argues Landlord waived this issue because it never raised it before the Panel, raising it only after the award during the proceedings on attorney fees. In its final order, the Panel found that Landlord had waived this argument because it raised this issue for the first time "in opposition to an award of attorney's fees." Even if we found in favor of Landlord on this issue, it is a distinction without a difference as more fully explained below.

¶ 16 Landlord next argues the arbitration panel lacked subject matter jurisdiction to determine the forcible entry and detainer action it filed on February 1, 2007. After Tenant failed to pay the January 2007 rent, Landlord served a "Notice to Quit" stating Tenant had ten days to pay $23,965 to cure its default or surrender possession of the premises. When it received no payment, Landlord filed a forcible entry and detainer action seeking possession of the premises.

¶ 17 Although the trial court ordered consolidation of the forcible entry and detainer action, a decision on which Landlord sought reconsideration, both parties ultimately came to an agreement on April 5, 2007, in an order entitled "Agreed Journal Entry of Possession." In this order signed by the trial court, both parties agreed to certain terms concerning the termination of the lease and transfer of possession of the premises to Landlord.

¶ 18 Oklahoma's "Forcible Entry and Detainer" statutes begin at 12 O.S.2001 § 1148.1, which provides in part:

> The district court shall have jurisdiction to try all actions for the forcible entry and detention ... of real property, *and claims for the collection of rent or damages to the premises ... **may** be included in the same action,* but other claims may not be included in the same action. A judgment in an action brought under this act shall be conclusive as to any issues adjudicated therein, but it shall not be a bar to any other action brought by either party.

(Emphasis added.) The Oklahoma Supreme Court interprets this statute to mean that the district court has exclusive jurisdiction to oust "a hold-over tenant" and that the trial court is limited by statute to hearing only matters concerning possession and/or rents or damages to the premises in a forcible entry and detainer proceeding. *Ramirez v. Baran,* 1986 OK 76, ¶ 5, 730 P.2d 515, 517 ("[S]tatutory prescriptions regarding forcible entry and detainer provide the *exclusive* procedure for ousting a hold-over tenant."); *see generally Schuminsky v. Field,* 1980 OK 22, 606 P.2d 1133 (finding that a tenant's counterclaims based on landlord's alleged breaches of a lease agreement could not be asserted in the landlord's forcible entry and detainer case but could be brought by a separate action).

■■■ ¶ 19 The trial court's April 2007 order disposed of Landlord's forcible entry and

---

issues in this Lease, the issue shall be submitted to and settled by binding arbitration under and pursuant to the Oklahoma Uniform Arbitration Act, 15 Oklahoma Statutes § 801 et seq."

**2.** We note a similar provision in the lease states:

**40. Cumulative Rights.** The various rights, powers, elections and remedies of the Landlord contained in this Lease shall be construed as cumulative and no one of them as exclusive of the other, or exclusive of any rights or priorities, allowed by law, and no rights shall be exhausted by being exercised on one or more occasions.

detainer claim leaving only issues of rent to be determined by the Panel. The sole question for resolution in a forcible entry and detainer action is the right to possession of the premises. *Warren v. Stansbury,* 1948 OK 21, ¶ 8, 189 P.2d 948, 950; *see also Parkening v. Mullen,* 1964 OK 224, ¶ 8, 396 P.2d 487, 489 ("An action of lawful entry and wrongful detainer by a landlord against a tenant is purely a possessory action involving the right to possession of the premises. The issues are the relationship of landlord and tenant, termination of the tenancy and unlawful withholding by the tenant thereafter."); *Rowland v. State,* 1991 OK CR 94, ¶ 12, 817 P.2d 263, 266–67 ("Forcible Entry and Detainer is a civil action, strictly possessory in nature, so that ordering the immediate right to possess is all that is involved or can be determined. It is a summary proceeding for restoring to possession of land one who is wrongfully kept out or has been wrongfully deprived of the possession." (citations omitted)).

¶ 20 Although the trial court had exclusive jurisdiction to determine the right to possession in Landlord's forcible entry and detainer claim, 12 O.S.2001 § 1148.1 and corresponding case law demonstrate jurisdiction to determine disputes over rent or damages to the premises is not exclusive to the district court. Although the trial court certainly could have made such a determination in this case, if the parties agreed to pursue arbitration on these issues, the trial court was not required by law to do so. We conclude the parties agreed that the arbitration panel could determine the issues related to rent claimed by Landlord and that agreement is enforceable.

¶ 21 We do not accept Landlord's contention that the right to proceed pursuant to the arbitration provision terminated at the time the lease agreement terminated; the agreement contains no language supporting this position. "The rule we follow is that 'where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication.'" *Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.,* 1997 OK CIV APP 58, ¶ 25, 947 P.2d 594, 599 (quoted citation omitted); *see also*

*State of West Virginia ex rel. Ranger Fuel Corp. v. Lilly,* 165 W.Va. 98, 267 S.E.2d 435, 437 (1980) ("It is the general rule that the duty to arbitrate under an arbitration clause in a contract survives the termination of the contract.") We find this persuasive and therefore decline to vacate the arbitration award on this basis.

¶ 22 Even if the arbitration provision were not the exclusive remedy available to pursue a default-related claim, Landlord agreed to submit the remainder of its claim to arbitration in the April 2007 order after the possession issue was resolved by agreement in the trial court. Because Landlord agreed to proceed with arbitration on the portion of its claim which the parties agreed to arbitrate, we find no error in denying Landlord's motion to vacate the arbitration award on this ground.

## II. *Arbitration Award*

¶ 23 Title 12 O.S. Supp.2009 § 1874(A) of the Oklahoma Uniform Arbitration Act (OUAA) authorizes a trial court to vacate arbitration awards on specific grounds. The trial court may vacate an arbitration award only if the trial court finds:

1. The award was procured by corruption, fraud, or other undue means;

2. There was:

   a. evident partiality by an arbitrator appointed as a neutral arbitrator,

   b. corruption by an arbitrator, or

   c. misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

3. An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing ... so as to prejudice substantially the rights of a party to the arbitration proceeding;

4. An arbitrator exceeded the arbitrator's powers;

5. There was no agreement to arbitrate ...; or

6. The arbitration was conducted without proper notice. . . .

*Id.*

¶ 24 Landlord urges two other grounds for reversing the trial court's order confirming the arbitration award and denying its motion to vacate: (1) the Panel exceeded its powers by "manifestly disregarding Oklahoma law and the provisions of the lease," [3] and (2) one of the arbitrators violated Oklahoma law by acting with "evident partiality" during the arbitration proceedings.

### A. Scope of the Panel's Power

¶ 25 Landlord argues the Panel exceeded its powers by the following:

(a) the Panel disregarded the lease terms when it concluded that Landlord breached the agreement because its "construction activities" materially affected Tenant's use and enjoyment of the premises, convenience of parking, visibility, and the playground;

(b) the Panel manifestly disregarded Oklahoma law "in creating a new implied contractual obligation";

(c) the Panel manifestly disregarded Oklahoma law by awarding damages for constructive eviction; and

(d) the Panel arbitrarily attempted to resolve a non-existent dispute between the parties.

¶ 26 "The purpose of arbitration is to prevent court intervention into the merits of disputes when arbitration has been provided for contractually." *Fraternal Order of Police, Lodge 142 v. City of Perkins,* 2006 OK CIV APP 122, ¶ 3, 146 P.3d 829, 830 (citing *Voss v. City of Oklahoma City,* 1980 OK 148, ¶ 5, 618 P.2d 925, 927). "The parties' agreement is the source of the arbitrator's power." *Sooner Builders & Invs., Inc. v. Nolan Hatcher Constr. Servs., LLC,* 2007 OK 50, ¶ 24, 164 P.3d 1063, 1071. "The arbitrator serves as the proctor of the parties' agreement" and has the duty to effectuate the intent of that agreement. *Id.*

¶ 27 Giving deference to the arbitrator's decision, "we will not review the factual or legal findings of the arbitrator nor consider the merits of the award." *City of Yukon v. International Ass'n of Firefighters, Local 2055,* 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179. However, when the award "manifests an infidelity to the parties' agreement, the courts must refuse to enforce the award." *Sooner Builders,* 2007 OK 50 at ¶ 24, 164 P.3d at 1071.

¶ 28 The present arbitration clause is certainly broad enough to encompass the parties' disputed issues: "If the Landlord and Tenant are unable to agree on any issues in this Lease, the issue shall be submitted to and settled by binding arbitration. . . ." The lease also provides the "validity, constitutionality, interpretation and legal effect of this Lease and the rights and duties of the parties" shall be governed by the laws of the State of Oklahoma.

¶ 29 A review of the record, transcripts, and relevant law reveals the Panel's decision "drew its essence" from the lease agreement and therefore did not exceed the Panel's authority under the lease agreement or Oklahoma law. *City of Yukon,* 1990 OK 48 at ¶ 8, 792 P.2d at 1179 (The "Court may only consider whether the arbitrator's decision 'draws its essence from the collective bargaining agreement.' ") We therefore cannot review Landlord's attack on the merits of the award. Because the parties bargained for the Panel's construction of the contract, the "reviewing court cannot overturn that decision merely because it disagrees with the arbitrator's interpretation of the contract." *Fraternal Order of Police,* 2006 OK CIV APP 122 at ¶ 4, 146 P.3d at 830. Landlord has not shown that it is entitled to vacation of the arbitration award on this basis. As a result, we affirm the trial court's decision to confirm the arbitration award and to deny Landlord's motion to vacate.

### B. Arbitrator's Conduct

¶ 30 Landlord also contends the arbitration award should be vacated because one of arbi-

---

**3.** The Supreme Court has neither adopted nor rejected the application of the non-statutory "manifest disregard of the law" doctrine in Okla-

homa. *Sooner Builders & Invs., Inc. v. Nolan Hatcher Constr. Servs., LLC,* 2007 OK 50, ¶¶ 27–28, 164 P.3d 1063, 1072.

trators, Ronald Stakem, displayed "evident partiality" toward Tenant during the arbitration proceeding and because Stakem violated Oklahoma statutes when he failed to disclose his relationship with Tenant's counsel in which they represented parties in an unrelated lawsuit. Landlord contends this relationship resulted in the arbitration award being "tainted with evident partiality" prejudicing its right "to receive a fair trial." Citing portions of the transcript, Landlord asserts that Stakem engaged in additional misconduct by his "apparent animus" toward Landlord, misconduct which prejudiced its rights to a fair trial.

¶ 31 The neutrality of an arbitrator is addressed in Section 1862 of the OUAA: "An individual who has a known, direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party shall not serve as an arbitrator required by an agreement to be neutral." 12 O.S. Supp.2009 § 1862(B). Section 1863 of the Act further requires an arbitrator to disclose certain facts which could affect the arbitrator's impartiality:

A. Before accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceedings, including but not limited to:
. . . .
2. An existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or another arbitrator.
. . . .
D. If the arbitrator did not disclose a fact as required by subsection A or B of this section, upon timely objection by a party, the court under paragraph 2 of subsection A of Section 24 of this act may vacate an award.
E. An arbitrator appointed as a neutral arbitrator who does not disclose a known,

direct, and material interest in the outcome of the arbitration proceeding or a known, existing, and substantial relationship with a party is presumed to act with evident partiality under paragraph 2 of subsection A of Section 24 of this act. 12 O.S. Supp.2009 § 1863.

¶ 32 "The law does not require arbitrators to be completely impartial or disinterested, so long as they are able to adjudicate the parties' dispute fairly and impartially." *Ditto v. RE/MAX Preferred Props., Inc.,* 1993 OK CIV APP 151, ¶ 13, 861 P.2d 1000, 1003. Even so, " 'courts should be even more scrupulous to safeguard the impartiality of arbitrators than judges, because arbitrators are completely free to decide the law and determine the facts.' " *Id.* at ¶ 14 (quoting *Voss,* 1980 OK 148 at ¶ 4, 618 P.2d at 927).

¶ 33 When a party challenges the legality of an arbitration, that party must prove there is clear evidence of impropriety. *Fleming Cos., Inc. v. Tru Disc. Foods,* 1999 OK CIV APP 18, ¶ 23, 977 P.2d 367, 372 (citing *Ormsbee Dev. Co. v. Grace,* 668 F.2d 1140, 1147 (10th Cir.1982)). "[I]t is only clear evidence of impropriety which justifies the denial of summary confirmation of an arbitration award. For an award to be set aside, the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Ormsbee,* 668 F.2d at 1147 (citation omitted).

¶ 34 A review of this arbitration proceeding reveals no impropriety or evident partiality by Stakem against Landlord. Landlord's primary argument is that, before accepting the appointment, Stakem failed to disclose that he and Mr. Ward (Tenant's counsel) had a pending case against each other in an unrelated lawsuit. The fact that an arbitrator and an attorney appearing in the arbitration proceeding represent opposing parties in an unrelated lawsuit does not establish the kind of relationship a "reasonable person would consider likely to affect the impartiality of the arbitrator" during such a proceeding. *See* 12 O.S. Supp.2009 § 1863. The arbitrator in question is an

attorney who has been practicing law in Oklahoma for approximately 32 years, and professional relationships with attorneys representing parties to an arbitration are inevitable.

¶ 35 The fact that Stakem and Ward represented opposing parties in an unrelated case does not, by itself, require disclosure of this relationship. A review of persuasive authority from other jurisdictions confirms this conclusion. *R.E. Bean Const. Co. v. Middlebury Assocs.,* 139 Vt. 200, 428 A.2d 306, 310–11(1980)(trial court did not err in failing to vacate award because an attorney-arbitrator failed to disclose his professional and personal relationships with several of the attorneys representing parties adverse to developer); *Miller v. Management Recruiters Int'l, Inc.,* 180 Ohio App.3d 645, 906 N.E.2d 1162, 1166 (2009)(trial court did not abuse its discretion in refusing to vacate the arbitrator's award based on the "arbitrator's failure to disclose his relationship with a member of opposing counsel's firm."); *see generally RZS Holdings AVV v. PDVSA Petroleos S.A.,* 598 F.Supp.2d 762 (E.D.Va.2009) (arbitrator's conversation with attorney for opposing party at a professional conference and the premature release of a draft award did not establish evident partiality constituting grounds to vacate the arbitration award). The record contains no evidence to support a finding that there was anything improper about this nondisclosure. Further, the knowledge of this relationship was equally known to Ward who did not apparently consider the relationship significant enough to immediately raise the issue when he learned Stakem was one of the arbitrators. The professional relationship between Stakem and Ward did not require disclosure and certainly constitutes no basis to support a vacation of the award.

¶ 36 Further to this point, even though Stakem was not required to disclose this relationship, the record reflects that he in fact did so. Stakem fully disclosed to Landlord's counsel that he intended to confer with Ward about the unrelated lawsuit because their clients disagreed on several issues and that his discussion with Ward was aimed at trying to resolve some of these time-sensitive issues. Landlord's counsel already knew of this professional relationship because he, too, was involved in the same unrelated lawsuit.

¶ 37 The Panel adjourned to discuss the allegations of partiality and then invited Landlord to move to disqualify Stakem from the proceedings. Counsel for Landlord conferred with his client about the matter and then stated the following on the record:

> For the record, I'd like to state that I know that none of the grounds specified in 1874 apply to you, Mr. Stakem. The grounds listed as subparagraph A, under subparagraph 2–under subparagraph A of 1874 says "Evident partiality by an arbitrator appointed as a neutral arbitrator." Mr. Stakem, you know how I feel about you and you know that I don't think those grounds apply at all.... But I think you have totally adequately addressed it and we have no motions for you to recuse, or any member of this panel.

¶ 38 We further find no support in the record for Landlord's contention that Stakem engaged in other misconduct by his "apparent animus" toward Landlord. The portions of the transcripts cited by Landlord fail to demonstrate any evidence of impropriety or improper motives on the part of Stakem. Notably, the statement quoted above made by Landlord's counsel was also made after Stakem's alleged misconduct toward Landlord cited by Landlord with regard to its argument on lack of subject matter jurisdiction.

¶ 39 Considering the law applicable to the facts of this case, we find there is no basis on which to conclude Stakem acted with evident partiality. We find it difficult to conclude that Landlord believed it had demonstrated evident partiality when it was given the opportunity to disqualify Stakem from the proceedings but declined to do so and continued to arbitrate. The trial court appropriately rejected the request to vacate the award on this basis.

## CONCLUSION

¶ 40 The trial court correctly confirmed the Arbitration Panel's final award and refused to vacate the award. In light of our decision

affirming the trial court's judgment confirming the arbitration award and denying Landlord's motion to vacate, Landlord's request for appeal-related fees and costs is denied.

¶41 **AFFIRMED.**

FISCHER, P.J., and BARNES, J., concur.